**STATE of Missouri, Respondent,**

v.

**James L. HELMIG, Appellant.**

**James L. HELMIG, Respondent,**

v.

**STATE of Missouri, Appellant.**

Nos. 68241, 69033.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 11, 1996.

Reginald P. Bodeux, St. Charles, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David R. Truman, Asst. Atty. Gen., Jefferson City, for respondent.

RHODES RUSSELL, Judge.

James L. Helmig ("defendant") was convicted after a non-jury trial of two counts of sodomy, in violation of § 566.060 RSMo Cum. Supp.1993, and one count of sexual abuse in the second degree, in violation of § 566.110 RSMo Cum.Supp.1993. He was sentenced to twelve years on each of the sodomy charges and one year for the sexual abuse charge, to run consecutively. Defendant appeals the judgment claiming there was insufficient evidence to support his conviction. Consolidated with defendant's direct appeal is the state's appeal of the granting of defendant's Rule 29.15 motion. We affirm both the conviction and the grant of post-conviction relief.

The charges against defendant arise out of an incident involving defendant and victim on the night of August 18, 1993 and early morning hours of the next day. At the time of the offense defendant was an assistant boy scout leader. Victim was a 13 year old boy scout in defendant's troop. On the night of August 18, victim attended a boy scout meeting at the Rolling Meadows trailer park. Once the meeting ended, defendant asked victim to

spend the night with him at his home in the trailer park. Victim received permission from his mother. Victim and defendant went out for dinner and went swimming at a lake. They returned to defendant's trailer sometime after one in the morning on August 19th. At bedtime, defendant told victim that he would be sleeping in defendant's bed. Victim abided and went to the bedroom. During the night, victim was awakened as defendant grabbed his arm and pulled victim towards him. Defendant took victim's hand and placed it on defendant's penis over his shorts. Victim did not say anything to defendant for fear defendant would harm him. Victim also testified that defendant touched victim's genitals both over and under his clothes. Victim further testified that defendant forced him to touch defendant's penis under his clothes. Victim noticed that defendant's penis was erect during each touching. Victim then left to go to the bathroom. He remained there for a short time and then tried to sleep on the couch in the living room. Defendant later came out of the bedroom and ordered victim to come back to bed. Victim obeyed and went into the bedroom whereupon defendant locked the bedroom door behind them. When victim and defendant were in the bed together, defendant began touching victim again. Victim pulled away and the touching stopped.

On the morning of August 19, 1993, defendant dropped victim off at a friend's house. Later that day, once victim returned home, victim told his mother what had happened at defendant's house. Victim and his mother reported to the assistant scoutmaster of the troop what had happened. The next day, on August 20, 1993, victim and his mother went to the sheriff's department and met with Detective Roach. Victim gave a statement to the detective relaying the incident. At the detective's suggestion, victim called defendant while at the station. The phone conversation was recorded and played at trial. During the conversation, victim pretended to be at home alone. Defendant told victim to keep quiet about what had happened and

that they would work things out between them.

That same day, while at the sheriff's department, victim gave a written statement explaining in general terms what transpired at defendant's trailer. Detective Roach also completed a report describing the sequence of events. The report stated that victim indicated that all of the touching occurred on the outside of the clothing. Based on the detective's investigation and the taped phone conversation, a warrant was issued for defendant's arrest.

Defendant was charged by an amended information, filed June 3, 1994, with two counts of sodomy and one count of sexual abuse in the second degree. The matter was tried on December 13, 1994, without a jury, in the Circuit Court of St. Charles County. Defendant was found guilty on all three counts. On April 21, 1995, defendant was sentenced to two twelve-year sentences on the sodomy counts and a one-year sentence on the second degree sexual abuse count, for a total of twenty-five years in the Missouri Department of Corrections, all to be served consecutively.

On July 7, 1995, defendant filed his Motion to Vacate, Set Aside, or Correct the Judgment or Sentence pursuant to Rule 29.15. Defendant argued that the sodomy statute under which defendant was convicted and sentenced had been changed after trial but before sentencing, and thereby had the effect of substantively changing the definitions of the charges and modifying the range of punishment. The motion court concluded that pursuant to § 1.160(2), RSMo 1994, defendant was entitled to the benefit of the amendatory law, which changed the conduct for which he was convicted from a class B felony to a class A misdemeanor, the latter carrying a maximum sentence of up to one year in jail. The motion court ordered defendant be resentenced under the range of punishment for a class A misdemeanor. It is that order from which the state appeals.

On direct appeal, defendant challenges the sufficiency of the evidence to support the sodomy conviction. Defendant asserts there was insufficient evidence to show that defendant touched victim's genitals under the

clothing. The only evidence concerning defendant's touching the genitals of victim under the clothing came from victim during his trial testimony. Defendant claims that victim's testimony on that point was so diametrically opposed to victim's sworn testimony and written statements taken previously that it was inherently incredible and should not have been considered in determining his guilt. We disagree.

■ It is first necessary to clarify our standard of review. In his brief, defendant writes that because he did not mention this point in an after-trial motion, this point was not properly preserved and therefore reviewable for only plain error. The state also claims plain error is the standard for our review of the matter. However, when a case is tried without a jury, a defendant need not file a motion for new trial. Rule 29.11(e)(1). Indeed, a motion for new trial is not necessary to preserve any alleged error for appellate review in criminal cases tried without a jury. Rule 29.11(e)(2)(A). The non-filing of any after-trial motions, therefore, does not affect our review of the matter.

■ When judging the sufficiency of the evidence to support a conviction, we may not weigh the evidence but accept as true all evidence tending to prove guilt together with all reasonable inferences that support the verdict, and ignore all contrary evidence and inferences. *State v. Sladek*, 835 S.W.2d 308, 310 (Mo.banc 1992). The standard is the same regardless of whether the case is judge-tried or jury-tried. *Id.* We only review to determine whether or not there was sufficient evidence from which the trier of fact could have reasonably found him guilty. *Id.*

■ Defendant maintains there was insufficient evidence to support his conviction of sodomy as contained in Count I of the amended information. Count I charged defendant with sodomy under § 566.060, RSMo Cum.Supp.1993, alleging that he had deviate sexual intercourse with victim by putting his hand on the victim's genitals, to whom defendant was not married and who was then less than fourteen years old. Defendant asserts there was insufficient evidence to show that he touched victim's genitals *under* victim's clothing. The only evidence that defendant touched victim under his clothing came from victim during victim's trial testimony. Defendant complains the trial testimony was so inherently contradictory with victim's earlier out of court statements that victim's testimony should have been disregarded on that point under the "destructive contradictions" doctrine. Defendant asserts victim's statement to Detective Roach, victim's testimony at the preliminary hearing, and victim's statements in a deposition taken within a week of trial all indicated the touching was over the clothing.

■ The "destructive contradictions" doctrine applies when a witness's trial testimony is so internally inconsistent or contradictory that it is without probative value. To apply, "the inconsistencies or contradictions must be so diametrically opposed to one another as to preclude reliance thereon and rob the testimony of *all* probative force." *State v. Jones*, 745 S.W.2d 748, 751 (Mo.App.1987) (quoting *State v. Burns*, 671 S.W.2d 306, 311 (Mo.App.1984)). The doctrine comes into play only as to potential contradictions during a witness's testimony at trial, not to contradictions between trial testimony and prior statements. *Id.* at 750–51. Any contradictions between a witness's trial testimony and any previous testimony or statements are for the court as the trier of fact to reconcile and consider when judging the witness's credibility. *Id.* at 751.

■ In the case at bar, all of the inconsistencies brought out by defendant were not contradictions within victim's trial testimony itself but were slight modifications in victim's testimony from his earlier statements to the police and his statements made in a deposition taken before trial. Victim's answers on direct and cross-examination were not contradictory and, therefore, the rule of destructive contradictions is inapplicable. We note that in cases dealing with very sensitive subjects, it is common for the testimony of a victim of tender years to contain some variations, contradictions or lapses in memory. *State v. Ginnery*, 617 S.W.2d 115, 117 (Mo. App.1981). The court testimony was for the judge to consider as the trier of fact. The

victim's testimony, even if uncorroborated, in a sex crime case is sufficient to sustain a conviction. *Sladek,* 835 S.W.2d at 310. After reviewing the record in this case, we find sufficient evidence from which the trier of fact could have reasonably found defendant guilty as charged and therefore affirm the conviction.

We next consider the state's appeal. The standard of review for a proceeding under Rule 29.15 is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(j). This court will interfere only if a review of the whole record leaves us with a definite and firm impression that a mistake has been made. *State v. Briscoe,* 847 S.W.2d 792, 793 (Mo. banc 1993) (quoting *State v. Bradley,* 811 S.W.2d 379, 383 (Mo.banc 1991)).

The motion court granted defendant's Rule 29.15 motion stating that the sentence imposed was erroneously based on the old sodomy statutes instead of the new amended version of law under which defendant's conduct falls. The motion court reasoned that the sodomy statute under which defendant was charged, § 566.060 RSMo Cum.Supp.1993, was repealed and reclassified to child molestation in the second degree under § 566.068, RSMo 1994, a class A misdemeanor, subject to a punishment of up to one year imprisonment, § 558.011(5) RSMo 1994. Relying on § 1.160(2), RSMo 1994, the motion court concluded that defendant should have been sentenced in accordance with the amended statute providing for the lesser range of punishment.

Section 1.160, RSMo 1994, provides that:

No offense committed and no fine, penalty or forfeiture incurred, or prosecution commenced or pending previous to or at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment, but the trial and punishment of all such offenses, and the recovery of the fines, penalties or forfeitures shall be had, in all respects, as if the

provision had not been repealed or amended, except:

. . . .

(2) That if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense prior to original sentencing, the penalty or punishment shall be assessed according to the amendatory law.

Defendant was charged with two counts of sodomy pursuant to § 566.060 RSMo Cum. Supp.1993, which read in pertinent part:

3. A person commits the crime of sodomy if he has deviate sexual intercourse with another person to whom he is not married who is less than fourteen years old.

"Deviate sexual intercourse" was defined as "any act involving the genitals of one person and the mouth, tongue, hand or anus of another person." § 566.010(1) RSMo Cum. Supp.1993.

After this matter was tried, but before defendant was sentenced, chapter 566 was amended. These amendments became effective on January 1, 1995. "Sodomy" under § 566.060 RSMo 1994, was changed and subparagraph 3, quoted above, was deleted and made into a new and separate offense of "statutory sodomy in the first degree" under § 566.062 RSMo 1994. In addition to becoming a separate offense, the definition of "deviate sexual intercourse" was changed to omit any reference to hand-genital contact. The new definition provides in part: " 'Deviate sexual intercourse' means any act involving the genitals of one person and the mouth, tongue, or anus of another person." § 566.010(1) RSMo 1994.

The 1994 amendments further created the new offenses of child molestation in the first and second degree. Child molestation in the second degree is committed "if he subjects another person who is twelve or thirteen years of age to sexual contact." § 566.068.1 RSMo 1994.[1] "Sexual contact" encompasses any touching of the genitals of another person for the purpose of arousing or gratifying sexual desire. § 566.010(3) RSMo 1994.

---

1. A person commits the crime of child molestation in the first degree if he "subjects another person who is less than twelve years old to sexual contact." § 566.067.1 RSMo 1994.

The state asserts that defendant was not entitled to have his sentence reduced because the punishment for the offense he was charged with, that is, the crime of sodomy, was not reduced or changed. The amended sodomy statute did not reduce the punishment for that crime, argues the state, and therefore § 1.160, RSMo 1994, is of no assistance to defendant and his sentence should not be reduced by the amendments.

In arguing as it does, the state focuses on the specific classification of the crime for which defendant was charged and overlooks the conduct giving rise to the offense. The amended information charged defendant with "putting his hand on the victim's genitals, to whom [he] was not married, and who was then less than fourteen years old." At the time he was charged and at the time of trial, such conduct amounted to "deviate sexual intercourse" as defined by statute and fell within the crime of sodomy. By subsequent amendment, however, the offense for which defendant was charged was repealed and a new statute was enacted with a lesser punishment. Defendant's acts now constitute child molestation in the second degree, a class A misdemeanor, carrying a term of imprisonment not to exceed one year, § 558.011(5) RSMo 1994. The punishment for sodomy under the previous statute was imprisonment for life or for a term not less than five years. § 566.060.2 RSMo Cum. Supp.1993. Under the plain language of § 1.160(2), RSMo 1994, defendant was entitled to the benefit of the amended law and the reduced punishment.

Our holding herein is consistent with other cases construing § 1.160(2) RSMo 1986 & 1994, and its application to cases involving amendments to the penal code. The Supreme Court in *State v. Sumlin*, 820 S.W.2d 487 (Mo.banc 1991), addressed the 1989 Drug Control Act, §§ 195.005–.425 RSMo Cum. Supp.1990, and whether pursuant to § 1.160 RSMo 1986, a defendant convicted of possession of cocaine under the old drug laws would be entitled to resentencing under the 1989 amendatory law. The 1989 amendments to the drug laws divided the different drug offenses into new sections and added different degrees based on the quantity of drugs in-

volved. The court in *Sumlin* found the new act "to be a comprehensive 'alteration' of Missouri's drug laws that divided the many offenses previously contained in § 195.020 [RSMo 1986] among several different new sections" and changed the maximum sentences imposed. *Id.* at 490. The court found § 1.160 RSMo 1986 applicable and held that the defendant should have received the benefit of a possible reduction in punishment under the amended law. *Id.* at 490–91. The reasoning of *Sumlin* and its predecessor cases has been routinely followed by this court and other courts within the state. *See, e.g., State v. Whardo*, 859 S.W.2d 138, 139–40 (Mo.banc 1993); *State v. Williams*, 844 S.W.2d 562, 564 (Mo.App.1992); *State v. Jackson*, 836 S.W.2d 1, 7–8 (Mo.App.1992); *Wiles v. State*, 812 S.W.2d 549, 550–51 (Mo. App.1991); *State v. Mack*, 793 S.W.2d 362, 366 (Mo.App.1990); *State v. Freeman*, 791 S.W.2d 471, 473 (Mo.App.1990). The exception within § 1.160 RSMo 1994 manifests the legislature's intent to give the defendant the benefit of any reduced sentence made while his case is pending, regardless of the offense's reclassification under the amendments. If the law creating the offense is changed, the result being a lessening in punishment, the law is clear that under § 1.160(2), RSMo 1994, the defendant should be sentenced in accordance with the law as modified. *See State v. Hawkins*, 482 S.W.2d 477, 479–80 (Mo.1972); *State v. Reiley*, 476 S.W.2d 473, 474 (Mo.1972).

We acknowledge the uniqueness of this case where the charge contained in the indictment was initially a class B felony and through subsequent amendment became a class A misdemeanor. The punishment for a class B felony is imprisonment for five years to life, while the punishment for a class A misdemeanor is not more than one year. The practical effect of this rather drastic reduction in punishment is limited, however, to only cases like the one at hand involving a touching by the hand of the genitals, anus or breast of a victim who is twelve or thirteen years old. §§ 566.068 & 566.010(3) RSMo 1994. We are to presume that the legislature acted with complete knowledge of the state of the law at the time of enactment and

with full awareness of its result. *Jordan v. State*, 841 S.W.2d 688, 690 (Mo.App.1992).

Accordingly, we find the trial court's conclusion that defendant should be sentenced under the amendatory law for child molestation in the second degree pursuant to § 1.160(2) RSMo 1994 is not clearly erroneous. Our review of the entire record on appeal does not leave us with the belief that a mistake was made.

The judgment of conviction is affirmed. The order granting defendant's Rule 29.15 motion and ordering defendant be resentenced is affirmed. Cause remanded to the trial court for resentencing in accordance with the range of punishment for a class A misdemeanor and for further proceedings consistent with this opinion.

GERALD M. SMITH, P.J., and GARY M. GAERTNER, J., concur.