STATE of Missouri, Respondent,

v.

Donald PRICE, Appellant.

Donald PRICE, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 67628, 70139.

Missouri Court of Appeals,
Eastern District,
Division Five.

Feb. 11, 1997.

Deborah B. Wafer, Dist. Defender, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Kurt U. Schaefer, Asst. Attorney General, Jefferson City, for Respondent.

CRANDALL, Judge.

Defendant, Donald Price, appeals from the judgment of convictions, after a jury trial, of ten counts of sodomy (Counts 1 through 10), one count of sexual abuse in the first degree (Count 11), and one count of rape (Count 12). He was sentenced to five years on Count 1, life imprisonment on each of Counts 2 through 10, five years on Count 11, and life

imprisonment on Count 12, all sentences to run concurrently. Defendant also appeals from the motion court's denial of his Rule 29.15 motion without an evidentiary hearing. We affirm the judgment of convictions and sentences in part and reverse and remand in part. As to the judgment on defendant's Rule 29.15 motion, we affirm in part and reverse and remand in part.

This court views the evidence in the light most favorable to the verdicts. The victim was defendant's daughter and was twenty-two years of age at the time of trial in November 1994. She testified that in the summer of 1991, defendant touched her breasts and genitals without her consent. Although she resisted him, he threatened to tell her mother that she was a "willing participant" in the acts, cursed at her, and hit her. In the fall of 1991, defendant attempted to have sexual intercourse with the victim. She again told him no and they engaged in "shoving matches." The victim testified that defendant had sexual intercourse with her on occasions from December 1991 through February 1992. During the spring of 1992, defendant touched the victim's genitals with his mouth. During the summer and fall of 1992, defendant continued to have sexual intercourse with her and to touch her breasts and genitals with his hands and mouth. At all times, the victim verbally and physically resisted any sexual contact with defendant. The victim testified that during 1991, 1992, and 1993, she feared defendant, he "controlled" her, and he subdued her physically. In June 1993, she moved out of his house and told him she would not tell anyone what had happened as long as he "left [her] alone." When he repeatedly attempted to contact her, she went to the police. Because she was "ashamed" of what happened, she told the police only about the acts of touching and not about the acts of sexual intercourse.

The victim's sister testified that during 1991, 1992, and 1993 defendant would "slap," "kick," "choke," "shake," "poke" her, as well as grab her by the hair. She stated that she observed him engage in similar behavior with the victim. In addition, she saw him shove her and the victim's mother and brother and throw things at them. The victim's mother

testified that defendant engaged in this behavior "a lot."

A written confession signed by defendant was admitted into evidence. The confession read in pertinent part: "I agree with whatever [the victim] said is true.... I have at least on ten occasions performed oral sex on her, and I will say yes to whatever [the victim] has said." A police officer testified that defendant admitted to physical and psychological abuse of the victim, but denied having sexual intercourse with her.

Defendant did not testify at trial. The victim's brother testified for the defense and stated that he was with the victim when she told the prosecutor that she had lied and defendant was innocent.

The jury found defendant guilty of ten counts of sodomy, one count of forcible sexual abuse in the first degree, and one count of forcible rape; and assessed punishment on each count. The court entered judgment on the convictions on November 9, 1994. On January 6, 1995, the court sentenced defendant to the following terms of imprisonment: five years on one count of forcible sodomy; life on each of the remaining nine counts of forcible sodomy; five years on the forcible sexual abuse count; and life on the forcible rape count. Defendant later filed a Rule 29.15 motion which the motion court denied without an evidentiary hearing.

## DIRECT APPEAL

In defendant's first two points, he contends the court committed plain error in overruling his motion for judgment of acquittal on all counts because there was insufficient evidence to establish the essential element of "forcible compulsion." In addition, with regard to the second point, he further asserts the State failed to prove the offenses of sodomy as charged in Counts 6 and 8.

We have reviewed the record and find no jurisprudential purpose would be served by a written opinion. Defendant's points one and two are denied pursuant to Rule 30.25(b).

In his third point, defendant alleges the trial court committed plain error when it entered judgment of convictions of sodomy on Counts 1, 2, 3, 4, 5, 7, 9, and 10; and

imposed sentences of five years' imprisonment on Count 1 and life imprisonment on each of the remaining seven counts. The information charged defendant with eight counts of forcible sodomy in violation of § 566.060, RSMo (1994) in that he "placed his hand on the victim's genitals;" and that conduct was submitted to the jury.

Section 566.060 requires proof that defendant had "deviate sexual intercourse with another person by the use of forcible compulsion." At the time defendant was charged, "deviate sexual intercourse" was defined as "any sexual act involving the genitals of one person and the mouth, tongue, hand or anus of another person." § 566.010(1), RSMo (Cum.Supp.1993). Effective January 1, 1995, the definition of "deviate sexual intercourse" was amended and the word "hand" was deleted. § 566.010(1), RSMo (1994). The amended § 566.010(3), RSMo (1994) defines touching of genitals as "sexual contact" which under § 566.100.1, RSMo (1994) constitutes "sexual abuse" if committed with forcible compulsion. The maximum sentence for sexual abuse is seven years. § 558.011.1(3), RSMo (1994) (maximum for class C felony). Defendant argues that under the amended statute the conduct with which he was charged and which was submitted to the jury no longer constituted sodomy; and that he should have been sentenced in accordance with the amended statute providing for a lesser range of punishment.

Section 1.160, RSMo (1994) addresses the effect of an amendment to a penal statute and provides as follows:

No offense committed and no fine, penalty or forfeiture incurred, or prosecution commenced or pending previous to or at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment, but the trial and punishment of all such offenses, and the recovery of the fines, penalties or forfeitures shall be had, in all respects, as if the provision had not been repealed or amended, except:

(1) That all such proceedings shall be conducted according to existing procedural laws; and

(2) That if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense prior to original sentencing, the penalty or punishment shall be assessed according to the amendatory law.

The effective date of the amendment was January 1, 1995. Defendant was tried and the trial court entered judgment prior to the effective date of the amendment; but the court did not sentence defendant until after that date. Defendant was sentenced to life imprisonment on Counts 2, 3, 4, 5, 7, 9, and 10. The maximum sentence under the amended statute is seven years. Under § 1.160(2), defendant is entitled to the benefits of the amended law and the reduced punishment. We therefore remand Counts 2, 3, 4, 5, 7, 9, and 10 for the court to resentence defendant on those counts in accordance with the statute as modified. *See, e.g., State v. Helmig,* 924 S.W.2d 562, 567 (Mo.App.E.D.1996).

■ Defendant's sentence of five years on Count 1 is within the range of punishment of the amended statute and there is no need for the court to resentence him on that count. Count 1 is therefore not remanded for resentencing.

■ Defendant posits that "remanding to the trial court for resentencing on the counts in question is not a sufficient remedy" and seeks to have the case remanded for a new trial on all the counts at issue. We disagree. Here, the jury found that defendant committed the conduct charged in the counts; namely, touching the victim's genitals with his hands. The amended statute does not alter the conduct with which defendant was charged and a new trial to adduce additional facts is not required. *Cf. State v. Sumlin,* 820 S.W.2d 487, 493–494 (Mo.banc 1991) (where the defendant was found guilty of possession of cocaine and sentenced after amendments to the statutes making the range of punishment contingent on the quantity of cocaine in his possession, new trial was necessary for the jury to determine, not defendant's guilt, but the quantity of cocaine in his possession). Defendant's third point is

granted as to Counts 2, 3, 4, 5, 7, 9, and 10 [1] and denied as to Count 1.

■ In his fourth point, defendant contends the trial court erred in permitting the State to amend the information after the defense rested. The amended information changed the offense charged in Count 12 from attempted forcible rape to forcible rape. Defendant claims he was prejudiced (1) because the amended information charged him with a different offense and (2) because he could not be convicted of an attempt where the evidence established that the crime charged was consummated.

■ Rule 23.08 provides in part: "Any information may be amended or substituted for an indictment at any time before verdict or finding if no additional or different offense is charged and if a defendant's substantial rights are not thereby prejudiced." *See also* § 545.300, RSMo (1994). When an amendment is allowed pursuant to Rule 23.08, the test for prejudice is whether a defendant's evidence would be equally applicable and his defense equally available. *State v. Sappington,* 873 S.W.2d 618, 626 (Mo.App.S.D.1994); *State v. Henderson,* 824 S.W.2d 445, 451 (Mo.App.1991). Under the facts of this case, where the defense was that defendant did not commit the acts which constituted the offense, defendant's evidence and defense would be equally applicable to the charge of either rape or attempted rape. In addition, the range of punishment for attempted forcible rape is the same as that for forcible rape. Thus, defendant has failed to demonstrate how he was prejudiced by the amended information. Defendant's fourth point is denied.

### RULE 29.15 APPEAL

In his fifth point, defendant asserts the motion court clearly erred in finding that trial counsel was not ineffective for failing to object to the admission of evidence of defendant's acts of physical violence and mental abuse directed against the victim, her sister, her mother, and her brother. He argues such evidence constituted evidence of "other crimes and bad acts." We have reviewed the record pertaining to this point and find that

---

1. The State agrees a remand is necessary for defendant to be resentenced.

the trial court's findings thereon are not clearly erroneous. An opinion would have no precedential value. Defendant's point is denied pursuant to Rule 84.16(b).

■ In his sixth point, defendant contends he received ineffective assistance of counsel because counsel failed to challenge for cause three venirepersons who indicated they would have negative feelings toward defendant if he did not testify at trial. During voir dire, defense counsel asked the venire panel if they would be able to follow the court's instructions regarding defendant's right not to testify and the following dialogue occurred:

[DEFENSE COUNSEL]: The judge . . . will read to you an instruction, and she'll inform you that the Defendant has a right in a criminal trial not to testify. And that you cannot make any inference or presumptions based on him not testifying. What do you think about that instruction?

* * *

[DEFENSE COUNSEL]: Juror Markovich, would you like to hear the Defendant testify?

VENIREMAN MARKOVICH: Yes, I would.

* * *

[DEFENSE COUNSEL]: If the judge told you that . . . you could not make any presumptions from the fact that he did not testify, would you be able to follow the instruction?

VENIREMAN MARKOVICH: I'm not sure.

[DEFENSE COUNSEL]: Why do you say that?

VENIREMAN MARKOVICH: I just don't think it would be fair, I guess. I mean, based on the facts—

[DEFENSE COUNSEL]: You understand that the State has to prove the Defendant's guilt.

VENIREMAN MARKOVICH: Yes.

[DEFENSE COUNSEL]: The Defendant doesn't have to prove he's innocent.

VENIREMAN MARKOVICH: Yes, I understand that.

[DEFENSE COUNSEL]: And by taking and forcing him to take the stand, he would have to prove he was innocent; he'd be proving his innocence. Isn't that correct?

* * *

VENIREMAN MARKOVICH: Yes.

[DEFENSE COUNSEL]: Juror Markovich, can you find [defendant] not guilty if he doesn't testify?

VENIREMAN MARKOVICH: I don't know.

[DEFENSE COUNSEL]: Who here agrees with Juror Markovich? [D]oesn't know if they could find my client not guilty if he doesn't testify?

[Several hands were raised.]

* * *

[DEFENSE COUNSEL]: . . . The judge is going to give you an instruction, and she's going to tell you that the Defendant has a right not to testify. And you cannot make any presumptions of guilt from the fact that he did not testify. And I wanted to know who here could not find my client . . . not guilty if he didn't take the stand. And that's why I was taking these names.

And all the people that raised their hands, is that your belief?

* * *

[DEFENSE COUNSEL]: Mr. Miller?

VENIREMAN MILLER: I'm not sure.

* * *

[DEFENSE COUNSEL]: You're not sure you could follow the law.

VENIREMAN MILLER: I'm not sure I could . . . follow the law, but I'm not sure I could find him not guilty with that instruction.

[DEFENSE COUNSEL]: So you're not sure if you could be fair and impartial.

VENIREMAN MILLER: [nodded head.]

[DEFENSE COUNSEL]: Give my client a fair trial.

THE COURT: What was your response, sir?

VENIREMAN MILLER: Yes. The way I'm interpreting the question, yes.

THE COURT: Yes what?

VENIREMAN MILLER: I don't know that I could find him not guilty if he didn't testify because I'm not sure I would have all the facts.

[DEFENSE COUNSEL]: Is there anybody who agrees, who has the same opinions, thoughts, beliefs as Mr. Miller?

[Several hands were raised].

[DEFENSE COUNSEL]: Ms. Davis, Vessey, and Eilers, Markovich, Meyer, Schmader, Ehlmann.

Defense counsel did not pursue this line of questioning further. Defense counsel later moved to strike for cause venirepersons Ehlmann and Schmader because of their statements regarding the impact of defendant's failure to testify. The trial court sustained those motions. But defense counsel did not move to strike Vessey, Eilers, and Meyer; and all three served on the jury. In denying defendant's ineffective assistance of counsel claim, the motion court found that trial counsel's failure to strike the three venirepersons was "a matter of trial strategy, that neither the court file nor the record reflect that there was any reasonable probability that the outcome of the proceeding would have been different, or that [defendant] was deprived of a fair trial."

In *State v. McKee*, 826 S.W.2d 26, 27 (Mo. App.1992), several venirepersons responded to questions in voir dire that it would bother them if the defendant did not testify. Defense counsel did not challenge two of the venirepersons who made these statements and they ultimately served on the jury. *Id.* The appellate court found that counsel was ineffective for failing to challenge for cause these two venirepersons. *Id.* at 28–29. The appellate court stated, "The failure to challenge for cause a venireperson who admits to prejudice against the defendant is ineffectiveness absent an acceptable explanation." *Id.* at 28. Although the motion court in *McKee*

questioned the attorney who conducted the voir dire and his co-counsel, neither could remember any reason for the failure to challenge the two for cause. *Id.* Thus, the finding that the failure to challenge the two venirepersons was a matter of trial strategy was not supported by the evidence, because there was no explanation whatsoever for counsel's failure to challenge the two venirepersons. *Id.* at 29.

Here, the motion court did not grant a hearing on defendant's Rule 29.15 motion and did not elicit any explanation from trial counsel as to why counsel did not challenge the three venirepersons for cause. The motion court's finding that trial counsel's conduct was a matter of trial strategy was not supported by the record. The motion court erred in overruling defendant's claim of ineffective assistance of counsel with regard to the failure to challenge the three venirepersons for cause without an evidentiary hearing. The court's judgment on that claim is reversed and the cause is remanded to the motion court for an evidentiary hearing on that claim. Defendant's sixth point is granted.

The judgment as to defendant's convictions and sentences is affirmed in part and reversed and remanded in part. The judgment as to defendant's Rule 29.15 motion is affirmed in part and reversed in part and the cause is remanded for an evidentiary hearing in accordance with this opinion.

AHRENS, C.J. and RHODES RUSSELL, J., concur.