STATE of Missouri, Plaintiff/Respondent,

v.

Robert Michael PARO,
Defendant/Appellant.

Robert Michael PARO, Movant/Appellant,

v.

STATE of Missouri,
Respondent/Respondent.

Nos. 68662, 71189.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 16, 1997.

Ellen H. Flottman, Public Defender, Columbia, for defendant/appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jacqueline K. Hamra, Asst. Atty. Gen., Jefferson City, for plaintiff/respondent.

GRIMM, Judge.

A jury found defendant guilty of one count of sodomy and assessed punishment at twenty-two years imprisonment. Defendant appeals, raising three points.

His first point is controlling. In that point, he alleges the trial court committed plain error by giving a verdict directing instruction which was no longer applicable. He contends that at the time the information was filed and the instruction was given, "hand to genital contact did not constitute

sodomy." We reverse and remand for a new trial.

## I. Background

The State filed an information on January 6, 1995. In that information, it charged defendant committed sodomy "in violation of Section 566.060, RSMo. Section 566.060.2, RSMo." Specifically, it charged that between January and May 31, 1994, defendant had deviate sexual intercourse with victim, to whom he was not married, and who was then less than fourteen years old. The trial occurred in May, 1995. Defendant was married to victim's mother. In mother's absence, defendant would bathe victim, five years old at time of trial. Victim testified defendant placed his fingers in her vagina. Victim's mother testified victim told her defendant "had stuck his finger down through there with the soap on it and it burned and that it hurt really bad and that he did that when he was giving her a bath." She said that victim brought the subject up three or four times and each time victim's recitation was consistent.

Defendant testified and acknowledged giving victim baths. He said that in washing her, he touched the area of the vagina. However, he denied ever inserting his finger into her vagina.

## II. Verdict Directing Instruction

In his first point, defendant alleges the trial court erred in giving a sodomy instruction. He contends the verdict director instructed the jury that it could convict him of sodomy if it found he "touched [victim's] genitals" with his hand. He argues that "hand to genital contact did not constitute sodomy at the time of [his] trial but only amounted to child molestation."

The verdict director, in pertinent parts reads:

If you find and believe from the evidence beyond a reasonable doubt:

First, that ... defendant *touched* [victim's] genitals with defendant's hand, and

Second, that such conduct constituted deviate sexual intercourse, and

Third, that [victim] was then less than fourteen years old, and

Fourth, that defendant was not then married to [victim],

then you will find defendant guilty of sodomy.

* * *

As used in this instruction, the term "deviate sexual intercourse" means any act involving the genitals of one person and the mouth, tongue, *hand*, or anus of another person done for the purpose of arousing or gratifying the sexual desire of any person.

(Emphasis added.)

The General Assembly adopted a new Criminal Code in 1977, effective January 1, 1979. At that time, the code defined "deviate sexual intercourse" substantially as contained in the verdict directing instruction the trial court gave. Section 566.010.1(2), RSMo 1978. Although other portions of section 566.010, RSMo 1978 were amended in the intervening years, the General Assembly did not amend the definition of "deviate sexual intercourse" until 1994. At that time, it adopted a new definition and made numerous other changes in the sexual offenses. 1994 Mo.Laws 1133–1137.

The new definition of "deviate sexual intercourse" became effective January 1, 1995. 1994 Mo.Laws 1139. It no longer includes the *touching* of the genitals of one person by the hand of another. Rather, section 566.010(1), RSMo 1994 provides:

"**Deviate sexual intercourse**" means any act involving the genitals of one person and the mouth, tongue, or anus of another person or a sexual act involving the penetration, however slight, of the male or female sex organ or the anus by a finger, instrument or object done for the purpose of arousing or gratifying the sexual desire of any person.

Under the previous statute, section 566.060.3 RSMo Cum.Supp.1993, deviate sexual intercourse with a person less than fourteen years old had a range of punishment of five years to life. That was the range of punishment shown on the verdict director.

However, under the 1994 revisions, touching of the genitals of a young child would not be sodomy. Instead, it could constitute first degree child molestation. First degree child molestation is a class C felony with a maximum punishment of seven years. Sections 566.067 and 566.010(3), RSMo 1994.

Also, under the original sodomy statute, 566.060.3, RSMo Cum.Supp.1993, a person committed the offense of sodomy by having deviate sexual intercourse with a person less than fourteen years of age. Under the 1994 amendments, that subparagraph was deleted from the sodomy statute. Section 566.060, RSMo 1994.

### A. Application of Section 1.160

Section 1.160, RSMo 1994 addresses the effect of an amendment to a penal statute. It provides as follows:

No offense committed and no fine, penalty or forfeiture incurred, or prosecution commenced or pending previous to or at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment, but the trial and punishment of all such offenses, and the recovery of the fines, penalties or forfeitures shall be had, in all respects, as if the provision had not been repealed or amended, *except:*

(1) That all such proceedings shall be conducted according to existing procedural laws; and

(2) *That if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense prior to original sentencing, the penalty or punishment shall be assessed according to the amendatory law.*

(emphasis added).

Here, the information charges that defendant committed sodomy between January and May 31, 1994, in violation of section 566.060. The information was filed January 6, 1995. However, five days earlier, the new sexual offense statutes became effective.

A cursory examination of the new sodomy statute, section 566.060, RSMo 1994, reflects several changes from the old law. The offense is now called "forcible sodomy" instead of sodomy. Forcible sodomy requires a defendant to have used "forcible compulsion," as defined in section 556.061(12), RSMo 1994.

The old statute had four paragraphs, the new only two. The two paragraphs which were deleted, paragraphs 3 and 4, described the offense of sodomy in the context with which we are concerned. Section 566.060.3 and .4, RSMo 1986. Thus, as of January 1, 1995, section 566.060 RSMo 1994 no longer encompasses deviate sexual intercourse with a person less than fourteen years old. Further, defendant was tried May 24, 1995 and sentenced on July 5, 1995, long after the January 1, 1995 effective date of the new sexual offense amendments.

■ The penalty and punishment for the conduct at issue was reduced and lessened prior to the original sentencing. Under these circumstances, section 1.160(2), RSMo 1994 requires that the penalty or punishment be assessed according to the new sexual offense statutes. *State v. Sumlin,* 820 S.W.2d 487, 489–90 (Mo.banc 1991); *State v. Helmig,* 924 S.W.2d 562, 567 (Mo.App. E.D.1996).

### B. Overstatement of Maximum Sentence and Erroneous Elements is Plain Error

The Missouri Supreme Court has previously considered whether the overstatement of the maximum term of imprisonment in an instruction is plain error. In *State v. Cline,* 808 S.W.2d 822 (Mo.banc 1991), the instruction indicated that the maximum punishment was twenty years. After the date the alleged offense occurred but prior to trial, the maximum term was reduced to seven years. *Id.* at 824. The court found the overstatement to be "plain error requiring a new trial." *Id.* See also *State v. Sumlin,* 820 S.W.2d 487 (Mo.banc 1991); *State v. Whardo,* 859 S.W.2d 138, 140 (Mo.banc 1993).

In the case before us, the verdict directing instruction stated that the range of punishment was not less than five years nor more than life imprisonment. For the conduct submitted, touching victim's genitals with a hand, the offense was not sodomy. Rather, under the new statute, it could be first degree child molestation. Section 566.067,

RSMo 1994. First degree child molestation is a class C felony, which has a range of punishment from one day to seven years.

In addition to having an incorrect range of punishment, the instruction misstated the elements of the offense. As previously indicated, the instruction submitted that defendant's "conduct constituted deviate sexual intercourse." The instruction proceeded to define "deviate sexual intercourse" using a definition that the General Assembly amended the previous year which deleted hand to genital contact.

■ The jury assessed punishment at twenty-two years, and the trial court imposed that sentence. The giving of the instruction resulting in a twenty-two year sentence constitutes plain error affecting defendant's substantial rights. Rule 30.20.

### C. New Trial Mandated

Although the State erroneously argued that "the jury was properly instructed and the judgment properly entered," it acknowledges that the maximum sentence for first degree child molestation is seven years. It contends that "this case should be remanded for sentencing in accordance with the amended statutory sections," relying on four court of appeals decisions. On the other hand, defendant argues that he is entitled to a new trial and cites two Missouri Supreme Court decisions. We first examine the supreme court decisions.

In *Cline*, the defendant was charged with possession of methamphetamine. After the date of the alleged offense but prior to the jury trial, the maximum punishment was reduced to seven years. *Cline*, 808 S.W.2d at 824. However, the verdict directing instruction advised the jury that the maximum was twenty years. *Id.* The jury assessed a five year sentence, which the trial court imposed. *Id.* at 823.

In *Cline*, the court extensively reviewed prior case law involving instructions that misstated or insufficiently stated the range of permissible punishment. It noted that such error was held to be reversible in numerous cases, even when the punishment assessed by the jury was within the statutory limits. *Id.*

at 824–25. The court noted language from a 1925 opinion that the counterpart of Rule 29.04 "confers no power of amendment on the trial court where the error, as here, consists in a misdirection by the court itself." *Id.* at 825, quoting *State v. Duddrear*, 309 Mo. 1, 274 S.W. 360, 361 (1925). The *Cline* court found the misdirection was plain error and entitled the defendant to a new trial. 808 S.W.2d at 827.

In *Whardo*, the defendant allegedly sold marijuana in 1988. The information was filed in January of 1989 and trial was conducted in June 1990. However, in 1989, the applicable sentencing statute was repealed as part of the Comprehensive Drug Act of 1989. *Whardo*, 859 S.W.2d at 139.

Prior to the 1989 revision, the applicable statute provided a range of punishment of not less than five years nor more than life. *Id.* Under the 1989 Drug Act, the General Assembly in effect created four degrees of criminal liability for selling marijuana, each degree depending on the amount sold. *Id.* In addition, the effect was to lower the penalties for the sale of marijuana. *Id.*

In *Whardo*, the defendant contended on appeal that "the failure to instruct the jury under the new statute ... was plain error." *Id.* at 140. The supreme court agreed. Moreover, it stated that "inasmuch as Whardo was tried after the effective date of the new statute, we conclude that a complete new trial is warranted." *Id.* at 141.

■ *Cline* and *Whardo* are applicable and controlling. Here, defendant was charged and jury tried after the sexual offense statutes were amended. Under the amendments, deviate sexual intercourse with a child under fourteen years was no longer "sodomy". In addition, for the conduct submitted to the jury, the amendments lowered the punishment to a maximum of seven years. The verdict director misdirected the jury and defendant is entitled to a new trial.

Notwithstanding the holdings of the Missouri Supreme Court, the State argues that four court of appeals decisions hold that a new trial is not required. Rather, it contends that those decisions hold that only a remand for sentencing is necessary. Al-

though none are controlling, we consider them in the order mentioned by the State.

In *State v. Price,* 940 S.W.2d 534 (Mo.App. E.D.1997), the defendant committed ten acts of sodomy, one act of sexual abuse, and one act of forcible rape in 1991 and 1992. *Id.* at 535–36. A jury convicted him of all twelve offenses and the "court entered judgment on the convictions on November 9, 1994." *Id.* at 536. The new sexual offense statutes went into effect January 1, 1995. On January 6, 1995, the trial court sentenced defendant to life for the forcible rape, life for each of the nine sodomy counts, and five years each on the other two counts, all sentences to run concurrently. *Id.* at 535–36.

On appeal, Price alleged plain error in receiving life on seven of the sodomy counts where he "placed his hand on the victim's genitals." *Id.* This court held that Price was entitled to the benefit of the amended law and the reduced punishment. *Id.* at 537. Although Price argued that he was entitled to a new trial on those counts, we denied his request and remanded to the trial court for resentencing in accordance with the statute as modified. *Id.*

*Price* differs from the case before us. In *Price,* the information charged the defendant with sodomy in accordance with the law at the time the information was filed. Further, nothing in *Price* indicates that the verdict directing instructions were incorrect at the time of trial. In the case before us, neither the information nor the verdict directing instructions were in accordance with the applicable law at the time they were filed and given.

Moreover, Rule 30.20 provides that plain errors may be considered in the discretion of the court "when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." In *Price,* the defendant received a life sentence for the forcible rape which was affirmed. The trial court had run all other sentences concurrent to that life sentence. Although the trial court was instructed to resentence *Price* on the seven counts, it is difficult to conceive how the defendant in *Price* suffered manifest injustice in view of his life sentence for the forcible rape.

The State next relies on *Helmig. Helmig* involves the same sodomy statute and conduct that we are considering. However, *Helmig* differs from the facts before us in several ways, the most important of which is that *Helmig* was not tried by a jury. *Helmig,* 924 S.W.2d at 563. Thus, the trial court, rather than a jury, assessed the punishment. On remand, the trial court would again assess the punishment.

In addition, Helmig was tried before the sexual offense statutes were amended. *Id.* at 566. Further, the motion court found in a Rule 29.15 proceeding that the defendant was entitled to resentencing under the amended statute and the defendant did not challenge that finding. *Id.* at 566. Rather, the State appealed, alleging that the defendant was not entitled to have his sentence reduced. *Id.* at 567. We affirmed and directed the trial court to resentence in accordance with the amended statute. *Id.* at 568.

The third case is *State v. Jackson,* 836 S.W.2d 1 (Mo.App. E.D.1992). A jury convicted Jackson of illegal possession of a controlled substance. *Id.* at 7. Thereafter, as a prior offender, the trial court sentenced him to fifteen years. *Id.* at 4. While his case was pending on appeal, the Comprehensive Drug Act of 1989 became effective, which established a maximum sentence of seven years for defendant's offense. Under the version of section 1.160 then in effect, this court remanded for resentencing. *Id.* at 8. Because Jackson was a prior offender, as was Helmig in the prior case, the trial court could resentence without the necessity of jury involvement.

Finally, the State relies on *State v. Pena,* 784 S.W.2d 883 (Mo.App. W.D.1990). The facts in *Pena* are similar to those in *Jackson,* other than the jury assessed the punishment. The statute under which the defendant was charged and tried provided for punishment up to twenty years. *Id.* at 889. He was sentenced to ten years. Then, the Comprehensive Drug Act of 1989 was adopted, reducing the maximum punishment to seven years. *Id.*

At oral argument of the appeal, defense counsel filed a motion for a reduction of

sentence. Pursuant to the version of section 1.160 then in effect, the western district granted the defendant's motion. It remanded for resentencing. *Id.* Nothing in *Pena* indicates that the defendant sought a new trial or any relief other than that which he received.

For the reasons previously stated, and under the controlling authority of *Cline* and *Whardo*, defendant is entitled to a new trial. Defendant's first point is granted.

### III. Offer of Proof

We briefly examine defendant's second point because the issue may arise on retrial. In this point, defendant alleges the trial court erred in denying his offer of proof. The offer concerned testimony from a former husband of defendant's wife to the effect that wife accused him of child abuse. He contends the testimony was "was relevant to her bias and prejudice in testifying against [defendant] under a similar set of circumstances."

In the offer of proof, the witness testified that he and victim's mother were married from 1987 to 1992. They had two children, a boy and victim. In the offer, he said that victim's mother threatened him "with molestation" prior to their separation. He "assumed" she said she was "going to do that so that she could get custody of the children."

On cross-examination, witness acknowledged telling the prosecuting attorney that victim's mother "never accused [him] of sexually abusing anyone." Rather, she had accused him "of physically abusing by being too rough on or beating" their son. Further, she never made "any accusations at all regarding anything [he] had ever done" to victim. On redirect, witness said that victim's mother said that "she was going to accuse [him] of sexually abusing" their son.

"The bias of an accusing witness is never a 'collateral' matter but is directly and intimately involved in the issues of the case." *State v. Hedrick,* 797 S.W.2d 823, 827 (Mo. App. W.D.1990). However, here the offered evidence did not involve defendant, nor did it involve victim. Rather, it concerned a previous relationship between victim's mother and father. Further, as the offer indicates, the witness vacillated on whether victim's mother ever accused witness of sexually abusing anyone.

Our review is limited to a determination of whether the trial court abused its discretion in denying the offer. *State v. Conley,* 699 S.W.2d 50, 51 (Mo.App. E.D.1985). No such abuse has been demonstrated and the point is denied.

### IV. Rule 29.15

Defendant's third point alleges error in denying a Rule 29.15 motion. In view of our previous holding, we need not discuss this point.

The trial court's judgment is reversed, and the cause is remanded for a new trial.

PUDLOWSKI and GARY M. GAERTNER, JJ., concur.