STATE of Missouri, Plaintiff–Respondent,

v.

Joseph E. LONG, Sr., Defendant–Appellant.

No. 21415.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 4, 1997.

A. Renae Adamson, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gregory L. Barnes, Asst. Atty. Gen., Jefferson City, for Respondent.

BARNEY, Judge.

Joseph E. Long, Sr. (Defendant) was convicted by a jury of sodomy. *See* § 566.060, RSMo Cum.Supp.1993. He was sentenced to a term of fifteen years imprisonment in the Missouri Department of Corrections.

Defendant appeals and avers that the trial court erred in submitting Instruction Number 5 to the jury. He maintains that "it allowed for the return of a non-unanimous verdict ... in that the verdict director instructed the jury in the disjunctive that they must find the defendant 'touched the genitals of [the victim], or put his penis in the anus of [the victim].'" In the argument portion of Defendant's brief, he contends that "[t]he disjunctive submission of a jury instruction in a sodomy case is improper." Additionally, he maintains that one of the two submitted "options for guilt," as found in Instruction Number 5, i.e., "[s]exual contact or 'touching' no longer constitutes sodomy" under an amendment to § 566.010(1), RSMo Cum.Supp.1993, previously defining "deviate sexual intercourse." *See* § 566.010(1), RSMo 1994. De-

fendant maintains that the act hypothesized constituted child molestation in the first degree, a class C felony, a crime with a lesser range of punishment than sodomy. *See* §§ 566.067, 566.010(3), RSMo 1994. Defendant, therefore, contends that under section 1.160, RSMo 1994, explained below, he should have been sentenced in accordance with the amended statute providing for a lesser range of punishment.[1]

I.

Defendant does not challenge the sufficiency of the evidence to support his conviction. On review, we view the evidence and reasonable inferences therefrom in the light most favorable to the verdict and disregard contrary evidence and inferences. *See State v. Clemons,* 946 S.W.2d 206, 213, 216 (Mo. banc 1997).

During late 1993 and early 1994, Defendant and his nine-year-old son, J.L., resided in Bolivar, Polk County, Missouri.

J.L. testified that Defendant would force him into the bathroom of their home, make him undress and have anal intercourse with him. This occurred more than seven times. J.L. also testified that Defendant touched J.L.'s penis during each act of sexual abuse. Defendant would also force J.L. into Defendant's bedroom and force him to have anal intercourse. J.L. testified that during each act of anal intercourse that he was "scared" and that it "hurt."

J.L. testified that Defendant told him to not reveal what happened between them to anyone. J.L. stated that he was "ashamed" of what happened to him and that initially he did not tell anyone. Eventually, J.L. told a counselor at Boys Town about the sexual abuse. J.L.'s allegations were then reported to the authorities.

On April 22, 1995, Defendant was interviewed by Sergeant Ron Replogle of the Missouri State Highway Patrol. The interview was conducted at Troop D Headquar-

---

1. Although we are not required to review the argument portion of Defendant's brief in order to determine Defendant's averments of error, Rule 30.06(d), Missouri Court Rules (1997), nevertheless, in the interest of justice "we must resort to the argument portion of defendant's brief" to fully understand his complaint. *See State v. Friend,* 607 S.W.2d 902, 903 (Mo.App.1980); *see also State v. Dodd,* 944 S.W.2d 584, 587 n. 2 (Mo.App.1997)(the same briefing principles apply to civil cases and criminal cases); *Crowe v. Clairday,* 893 S.W.2d 400, 402 (Mo.App.1995)

ters in Springfield, Missouri. Defendant made a written statement to Sergeant Replogle in which he confessed to touching J.L.'s "privates."[2] In the written statement, Defendant stated, in part, the following:

> I have lied when I denied ever touching him. I was—giving him a bath and I just feeled his privates. It dawned on me what I was doing there, so I just left. I couldn't believe I was doing something like that. This just happened once. I called his grandma and they came and picked all three kids up. This happened over a year ago when they were living with me.... That's the reason I don't want [J.L.] around, because I'm afraid it will happen again. I blame my dad for it because he done terrible things to me. I'm sorry, very sorry.

On cross-examination, Sergeant acknowledged that Defendant only confessed to having "feeled" his son's privates and that during the interview there was no discussion regarding Defendant having engaged in anal intercourse with his son.

On November 14, 1995, a felony information was filed against Defendant which alleged that Defendant committed acts of sodomy upon J.L.

## II.

Instruction No. 5 was constructed as follows:

> If you find and believe from the evidence beyond a reasonable doubt:
>
> First, that on or about late 1993 or early 1994, in the County of Polk, State of Missouri, the defendant, JOSEPH E. LONG, SR., touched the genitals of [J.L.], or put his penis in the anus of [J.L.], and
>
> Second, that such conduct constituted deviate sexual intercourse, and
>
> Third, that [J.L.] was less than fourteen years old, and
>
> Fourth, that defendant was not then married to [J.L.]

then you will find the defendant guilty of SODOMY.

> However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.
>
> As used in this instruction, the term "deviate sexual intercourse" means any act involving the genitals of one person and the mouth, tongue, hand, or anus of another person done for the purpose of arousing or gratifying the sexual desire of any person.
>
> If you do find the defendant guilty of SODOMY, you will assess and declare the punishment at imprisonment for a term of years fixed by you, but not less than five years and not to exceed fifteen years.

This instruction was patterned from MAI–CR 3d 320.08.2.

▮▮▮ Preliminarily, we observe that facially, although not expressly set out in Defendant's sole point of error, Instruction Number 5 is erroneous in that it does not comply with the provisions of MAI–CR 3d 320.08.2. The proscribed conduct (relating to the first submission of criminal conduct) under section 566.010(1) and 566.060.3, RSMo Cum.Supp.1993, was an act involving the genitals of the alleged victim and the *hand* of Defendant. Instruction Number 5, instead, postulated that Defendant "touched the genitals" of J.L. The instruction is, therefore, incomplete and erroneous because the word "hand" [to genital(s) ] is necessary for a finding of the commission of the crime charged. *See State v. Paro,* 952 S.W.2d 339, 340 (Mo. App.1997). Nevertheless, "[t]he giving or failing to give a pattern instruction is deemed to constitute error, but the prejudicial effect is a matter to be determined on appeal." *State v. Potter,* 747 S.W.2d 300, 306 (Mo.App. 1988). However, because we reverse and remand on other grounds, it is not necessary to make further inquiry into this matter. Likewise, we need not review Defendant's averment and argument regarding his con-

---

**2.** Defendant's statement was hand-written "word-for-word" by Sergeant Replogle because Defendant does not possess the ability to read or write. At the conclusion of the interview, Sergeant Replogle read the written statement to Defendant and the Defendant affixed his signature thereto.

tention that any disjunctive submission in a verdict director "in a sodomy case is improper," because of our disposition more fully discussed, *infra*.[3]

■ We now review Defendant's remaining complaint as set out in the argument portion of his brief. Defendant was charged pursuant to the former version of section 566.060, which provided that a person commits the crime of sodomy "if he has deviate sexual intercourse with another person to whom he is not married who is less than fourteen years old." *See* § 566.060.3, RSMo Cum.Supp.1993. "Deviate sexual intercourse" was formerly defined as any sexual act involving the genitals of one person and the mouth, tongue, *hand* or anus of another person. § 566.010(1), RSMo Cum.Supp.1993 (emphasis added). This definition was used in the state's Instruction Number 5, quoted above.

Section 566.010 was amended, effective January 1, 1995. *See* § 566.010, RSMo 1994. "Deviate sexual intercourse" is currently defined as:

> [A]ny act involving the genitals of one person and the mouth, tongue, or anus of another person or a sexual act involving the penetration, however slight, of the male or female sex organ or the anus by a finger, instrument or object done for the purpose of arousing or gratifying the sexual desire of any person.

§ 566.010(1), RSMo 1994. Thus, hand-to-genital contact is no longer considered "deviate sexual intercourse." *See id.; State v. Price*, 940 S.W.2d 534, 536 (Mo.App.1997); *see also Paro*, 952 S.W.2d at 340.

The touching of another person with the genitals or any touching of the genitals or anus of another person for the purpose of arousing or gratifying sexual desire is now considered "sexual contact." *See*

§ 566.010(3), RSMo 1994. Further, a person commits the crime of child molestation in the first degree, a class C felony, if he or she subjects another person who is less than twelve years of age to "sexual contact." § 566.067, RSMo 1994.

Under the former version of section 566.060, by which Defendant was charged, the pertinent range of punishment upon conviction for hand-to-genital contact, being defined as sodomy, was "life imprisonment or a term of years not less than five years." *See* § 566.060.2, RSMo Cum.Supp.1993. Under the current statutory scheme, however, where the victim was less than twelve years of age, as here, a conviction arising from hand-to-genital contact provides for a range of punishment not to exceed seven years. *See* §§ 558.011.1(3), 566.067, RSMo 1994.

Section 1.160 addresses the effect of an amendment to a penal statute and provides the following:

> No offense committed and no fine, penalty or forfeiture incurred, or prosecution commenced or pending previous to or at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment, but the trial and punishment of all such offenses, and the recovery of the fines, penalties or forfeitures shall be had, in all respects, as if the provision had not been repealed or amended, except:
>
> (1) That all such proceedings shall be conducted according to existing procedural laws; and
>
> (2) That if the penalty or punishment for any offense is *reduced or lessened* by any alteration of the law creating the offense prior to original sentencing, the penalty or punishment *shall be assessed according to the amendatory law.*

---

3. Defendant relies on *State v. Oswald*, 306 S.W.2d 559 (Mo.1957). The court in *Oswald* held that an instruction authorizing a finding of guilty if the jury determined that defendant inserted his genital organ into the "mouth and rectum" of the victim or "committed either of such aforesaid acts," was error. *Id.* at 563. However, in *State v. Wilkins*, 872 S.W.2d 142 (Mo.App.1994), this Court found no plain error in the submission of an instruction permitting a conviction under section 566.120, RSMo 1986, if the jury believed that the defendant "touched the genitals or breast [of the alleged victim] either directly or through her clothing." *Id.* at 146–47. *Oswald* was distinguished partly on the basis that it was decided in 1957, prior to the Missouri Supreme Court's express approval of the MAI–CR jury instructions. *Id.* at 147. In the context of the instant case, *see* MAI–CR 3d 320.08.2.

§ 1.160, RSMo 1994 (emphasis added); *Price*, 940 S.W.2d at 536–37; *State v. Helmig*, 924 S.W.2d 562, 566–67 (Mo.App.1996); *see also Paro*, 952 S.W.2d at 341.

Here, we note that Defendant was initially charged on November 14, 1995, with the crime of sodomy that occurred between "late 1993 and early 1994." His trial commenced on October 10, 1996, and he was convicted on October 11, 1996. While Defendant was charged under the former version of the statute regarding sexual offenses, he was entitled to the benefits of the amended law and the reduced punishment pursuant to section 1.160, *supra*. *See Paro*, 952 S.W.2d at 341; *Price*, 940 S.W.2d at 537; *Helmig*, 924 S.W.2d at 567; *see also State v. Hooper*, 801 S.W.2d 717, 720–21 (Mo.App.1990).[4]

The complained of instruction, albeit facially erroneous, gave the jury the authority to convict Defendant for the crime of sodomy if the jury believed that Defendant either (1) touched his son's genitals, or (2) had anal intercourse with his son. However, "[t]he exception within [section] 1.160 RSMo 1994 manifests the legislature's intent to give the defendant the benefit of any reduced sentence made while his case is pending, regardless of the offense's reclassification under the amendments." *Helmig*, 924 S.W.2d at 567. "If the law creating the offense is changed, the result being a lessening in punishment, the law is clear that under [section] 1.160(2), RSMo 1994, the defendant should be sentenced in accordance with the law as modified." *Id.*

---

4. A criminal instruction that overstates the maximum term of imprisonment is plain error, requiring a new trial. *Paro*, 952 S.W.2d at 341

By virtue of section 1.160, *supra*, the disjunctive submission of criminal conduct relating to the touching by hand of J.L.'s genitals underwent a reclassification and acquired a different range of punishment while Defendant's case was pending. *See id.* We, however, are unable to discern whether the jury unanimously agreed upon one or the other or both disjunctive submissions of criminal conduct as submitted to the jury in Instruction Number 5. If the jury believed that Defendant only touched his son's genitals with his hand and did not have anal intercourse with him, then Defendant was entitled to the reduced punishment for the commission of the former offense. *See* § 566.010(3), RSMo 1994; § 1.160, RSMo 1994. We are, therefore, required to reverse and remand the case for a new trial. *See Paro*, 952 S.W.2d at 344; *Price*, 940 S.W.2d at 537; *Helmig*, 924 S.W.2d at 567.

The judgment of the trial court is reversed and the case is remanded for a new trial consistent with this opinion.

MONTGOMERY, C.J., and SHRUM, J., concur.

(citing *State v. Cline*, 808 S.W.2d 822, 824 (Mo. banc 1991)).