STATE of Missouri, Respondent,

v.

Duane Earl WHARDO, Appellant.

Duane Earl WHARDO, Appellant,

v.

STATE of Missouri, Respondent.

No. 75333.

Supreme Court of Missouri,
En Banc.

Aug. 17, 1993.

Raymond L. Legg, Office of the State Public Defender, Columbia, for appellant.

Jeremiah (Jay) Nixon, Atty. Gen., Frank A. Jung, Asst. Atty. Gen., Jefferson City, for respondent.

LIMBAUGH, Judge.

This case comes before us as a result of persistent confusion over the interplay and reconciliation between the "Comprehensive Drug Control Act of 1989," §§ 195.005, et seq. ("Drug Act") and the punishment reduction provisions of § 1.160, RSMo 1986.

Duane Whardo was convicted by a jury of two separate counts of selling marijuana

in violation of § 195.020.1, RSMo 1986. The trial court imposed two seven-year prison sentences as recommended by the jury and ordered the sentences to run concurrently. Whardo subsequently filed a Rule 29.15 motion seeking to vacate the judgment, but following two evidentiary hearings, the motion court denied relief. The Court of Appeals, Southern District, affirmed the denial of post-conviction relief but, on direct appeal, remanded for a jury determination of the amount of marijuana sold. We then granted transfer pursuant to Mo. Const. art. V, § 10. The convictions are reversed and the case is remanded for new trial.

The crimes occurred in April, 1988. Whardo was charged by information filed on January 3, 1989. However, as Whardo awaited trial, both § 195.020, RSMo 1986, and the applicable sentencing statute, § 195.200, RSMo Supp.1988, were repealed as part of the 1989 Drug Act. The trial did not take place until June 13, 1990, nearly ten months after the effective date of the new legislation.

Under § 195.020.1, the statute in effect at the time of the commission of the offense, it "is unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, or compound any controlled or counterfeit substance...." According to § 195.200.-1(4), the range of punishment is a term of imprisonment not less than five years nor more than life.

In place of these repealed sections, the legislature adopted § 195.211, RSMo Supp. 1992, and § 195.222.7, RSMo Supp.1992, which created, in effect, four degrees of criminal liability for the offense of selling marijuana, each degree depending on the amount of marijuana sold. The two degrees of liability pertinent to this case are set out in § 195.211 [1] that states:

1. Except as authorized ... it is unlawful for any person to distribute, *deliver,*[2] manufacture, [or] produce ... a controlled substance....

2. Any person who violates this section with respect to any controlled substance *except five grams or less of marijuana* is guilty of a class B felony.

3. Any person who violates this section with respect to distributing or *delivering not more than five grams of marijuana* is guilty of a class C felony. (emphasis added).

The range of punishment for a class B felony is a term of imprisonment not less than five years nor more than fifteen years, § 558.011.1(2), RSMo Supp.1992; and the range for a class C felony is from one year to seven years, § 558.011.1(3), RSMo Supp.1992. The effect of § 195.211, therefore, is to lower the penalties for sale of marijuana below those that had been provided in § 195.200.1(4), RSMo 1986.

Any statutory reductions in punishment available to Whardo must be predicated upon § 1.160, RSMo 1986. Under this section:

No offense committed ... or prosecution commenced or pending previous to or at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment, but the trial and punishment of all such offenses ... shall be had, in all respects, as if the provision had not been repealed or amended, except (1) that all such proceedings shall be conducted according to existing laws; and *(2) that if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense, the penalty or punishment shall be assessed according to the amendatory law.* (emphasis added).

1. Section 195.222.7 classifies the delivery (sale) of "more than thirty kilograms of a mixture or substance containing marijuana" as a class A felony punishable under § 558.011.1(1), RSMo Supp.1992 by a term of imprisonment of not less than ten years nor more than thirty years, or life. The delivery of more than one hundred kilograms is a class A felony "which term shall be served without probation or parole." It is uncontested that no evidence exists to support these higher degrees of liability. Although the jury made no finding of the amount of marijuana, the State's evidence showed that one sale involved 26.97 grams and the other, 7.82 grams.

2. The term "deliver" includes the sale of marijuana. § 195.010(10), RSMo Supp.1992.

In *State v. Sumlin,* 820 S.W.2d 487, 490 (Mo. banc 1991), this Court found the 1989 Drug Act "to be a comprehensive 'alteration' of Missouri's drug laws that divided the many offenses previously contained in § 195.020 (1986) among several different new sections." The Court then concluded that "the provisions of section 1.160 clearly apply," and that the defendant, charged with possession of cocaine under § 195.020, was entitled to the benefit of any provisions in the Drug Act that reduced the punishment for possession of cocaine.

■ The State urges us to overturn *Sumlin* and declare the 1989 Drug Act a repeal of the former offenses and an enactment of entirely new offenses. According to the State, "section 1.160 never intended that a defendant's sentence be reduced when additional proof is required to determine what sentence should be imposed." We find this position unpersuasive. In our view, the changes effected by the Drug Act are merely amendatory because they pertain to the same criminal conduct that had been specified in § 195.020. As we noted in *Sumlin,* the Drug Act did not create three new offenses involving possession of cocaine, but instead, subdivided the one offense of possession of cocaine into three degrees of criminal liability. That the degrees of liability turn on a determination of the amount of cocaine possessed does not convert the crime to something other than possession of cocaine. *State v. Sumlin,* 820 S.W.2d at 492. Likewise, in this case, where Whardo was charged with the crime of sale of marijuana, the Drug Act did nothing more than establish different degrees of liability for that one offense.

■ Although Whardo did not raise the issue at trial, he now contends that he should benefit from the legislative reduction in the range of punishment for sales of marijuana that involve less than 5 grams and that the failure to instruct the jury under the new statute, § 195.211, was plain

error. He explains that in the absence of findings that each marijuana sale exceeded five grams, the jury should only have considered the range of punishment for a class C felony (one to seven years) rather than that for a class B felony (five to fifteen years), the range actually stated in the verdict director.[3] We agree.

The procedure under *Sumlin* for application of the punishment provisions of the Drug Act is to remand for a jury determination of the amount of controlled substance in question. Only then can the degree of the offense and the corresponding range of punishment be identified. It was unnecessary in *Sumlin,* however, to review the failure to instruct the jury on the proper range of punishment because the defendant, Sumlin, was not entitled to jury sentencing. Having been tried as a prior and persistent offender, Sumlin was sentenced by the court. *Sumlin,* 820 S.W.2d at 493–94. In the case at hand, however, Whardo was not charged as a prior and persistent offender, and under § 557.036.2, RSMo 1986, it is his prerogative to have a jury assess punishment.

The question of instructional error involving the range of punishment is resolved in *State v. Cline,* 808 S.W.2d 822 (Mo. banc 1991). In that case the defendant was convicted by a jury of possessing methamphetamine in violation of § 195.020, RSMo 1986.[4] The verdict director authorized the jury, upon a finding of guilt, to fix punishment for a term of years but not to exceed twenty years. *Id.* at 824. Prior to trial, just as with Sumlin and Whardo, the 1989 Drug Act took effect and created different degrees of liability for the crime charged. On appeal, the parties apparently agreed that the evidence supported conviction only under the lowest degree of liability, a class C felony, and so, unlike *Sumlin,* there was no need for the jury to have determined the amount of controlled substance. Nevertheless, the court held it was plain error for the verdict director to in-

---

**3.** As stated earlier, the range of punishment for sale of marijuana committed under the old statute, § 195.020, was five years to life. We assume that use of the five to fifteen year range was a speculative attempt to implement the new statute.

**4.** The opinion mistakenly asserted that appellant was convicted of § 195.202, RSMo 1986. A careful reading indicates that this Court must have meant § 195.020, RSMo 1986, because § 195.202, RSMo 1986, simply did not exist.

clude a maximum punishment greater than that authorized under the sentencing provisions of the 1989 Drug Act. In ordering a new trial, the court stated that the defendant has a right to a correct instruction on the range of punishment, and the fact that the punishment assessed by the jury was within the statutory range does not remedy the infringement of that right. *State v. Cline,* 808 S.W.2d at 827.

In light of *Sumlin* and *Cline,* and inasmuch as Whardo was tried after the effective date of the new statute, we conclude that a complete new trial is warranted. Whardo is entitled to a verdict director that not only instructs the jury to determine the amount of marijuana sold but also specifies the corresponding range of punishment. Therefore, on retrial, the court shall instruct the jury under MAI–CR3d 325.04, the verdict director applicable to § 195.211.

Having resolved the issues on direct appeal in favor of Whardo, the appeal on the Rule 29.15 motion is moot.

The judgment is reversed and the cause remanded for new trial consistent with this opinion.

All concur.