**STATE of Missouri, Respondent,**

v.

**Richard Douglas BURNS, Appellant.**

No. 76423.

Supreme Court of Missouri,
En Banc.

May 26, 1994.

Gary E. Brotherton, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

LIMBAUGH, Judge.

A Schuyler County jury found Richard Burns guilty of possession of more than 35 grams of marijuana. Claiming a double jeopardy violation, Burns appealed to the Court

of Appeals, Western District, and thereafter this Court granted transfer. Affirmed.

On March 23, 1992, a jury convicted Burns of possession of tetrahydrocannabinols (a marijuana derivative), § 195.202, RSMo Supp.1991, but found him not guilty of possession with intent to distribute marijuana, § 195.211, RSMo Supp.1991. On May 6, 1992, the Schuyler County prosecutor charged Burns with possession of more than 35 grams of marijuana, § 195.202.2, RSMo Supp.1991, based on the same incident that gave rise to the first prosecution, and after trial, the jury found Burns guilty.

 Burns' only argument on appeal is that the trial court erred in failing to dismiss the second prosecution on double jeopardy grounds. In relevant part, the Fifth Amendment states: "... nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend V. The Fourteenth Amendment extends the double jeopardy clause to the states. *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

██ In *United States v. Dixon*, —— U.S. ——, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), the United States Supreme Court recently clarified the proper method for addressing a claim of double jeopardy in cases involving successive prosecutions for the same offense. The Court rejected the "same-conduct" analysis of *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1989), and reaffirmed the "same-element" analysis of *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The *Grady* test prohibited "a subsequent prosecution if, to establish an essential element of the offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted." *Grady*, 495 U.S. at 510, 110 S.Ct. at 2087. On the other hand, the *Blockburger* test asks whether each offense contains an element not contained in the other; if not, the Double Jeopardy Clause bars a successive prosecution. *Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182. *See also* §§ 556.041 and 556.046.1(1), RSMo 1986, appearing to codify the *Blockburger* "same-element" test.

Applying *Blockburger* requires a comparison of the elements of the offenses. In this case, Burns was first charged with possession with intent to distribute more than five grams of marijuana. The elements of this crime are 1) possession of marijuana, 2) knowledge of its presence and nature, 3) intent to distribute and 4) an amount of more than 5 grams of marijuana. § 195.211.2, RSMo Supp.1993; MAI–CR3rd 325.08. In contrast, the elements of the second charged offense, possession of more than 35 grams of marijuana, are: 1) possession of marijuana, 2) knowledge of its presence and nature and 3) an amount of more than 35 grams. § 195.202.2, RSMo Supp.1993; MAI–CR3rd 325.02. Each crime contains an element not found in the other. The element of intent to distribute is found only in the first crime. The element of "an amount of more than 35 grams" is found only in the second crime. Proof of 35 grams constitutes an additional element because the state is required to prove possession of a larger amount of marijuana than the 5 grams it was required to prove at the first prosecution. We hold, therefore, that the Double Jeopardy Clause does not bar the successive prosecution of the two crimes.

Burns argues, however, that the amount of marijuana is not an element of either crime. By eliminating that element, he explains, the offense of possession with intent to distribute then contains all of the elements in the offense of possession of more than 35 grams. Because the two offenses would not then have disparate elements, he concludes that the Double Jeopardy Clause bars the second prosecution. To support the proposition that the amount of marijuana is not an element, Burns relies on *State v. Sumlin*, 820 S.W.2d 487 (Mo. banc 1991) and *State v. Whardo*, 859 S.W.2d 138 (Mo. banc 1993). These cases dealt with the Comprehensive Drug Control Act of 1989 which, in part, substantially amended the crimes of possession of controlled substances. This Court noted that the Act replaced the old drug possession statute, § 195.020, RSMo 1986, with several new provisions creating different levels of liability based on the amount of drugs possessed. *Sumlin*, 820 S.W.2d at 491 (analyz-

ing cocaine); and *Whardo*, 859 S.W.2d at 140 (analyzing marijuana). As *Whardo* summarized, "... the Drug Act did nothing more than establish different degrees of liability for that one offense [possession of drugs]." *Id.* From this language, Burns surmises that each degree of the offense of possession has the same elements and that the requirement to prove the amount possessed pertains only to the permissible range of punishment and has no connection with the elements of the offense proper.

It was never this Court's intention in *Sumlin* and *Whardo*, however, to hold that the amount of cocaine or marijuana possessed is not an essential "element" of the aggravated forms of the charged offense. The rationale of *Sumlin* and *Whardo* is that the amount possessed does not change the essential nature of the offense of possession of cocaine or possession of marijuana, and that it primarily affects the degree of the offenses and the corresponding ranges of punishment. In no event, however, is the State relieved of the burden of proving the amount of cocaine or marijuana possessed. Even though that determination goes to the classification of the offense, and therefore to punishment, it is still an element of the crime.

The judgment is affirmed.

All concur.