**STATE of Missouri, Respondent,**

v.

**Loren PHELPS, Appellant.**

**Nos. WD 53646, WD 51705.**

Missouri Court of Appeals,
Western District.

March 17, 1998.

Irene Karnes, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixson, Atty. Gen., Angel M. Woodruff, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and BRECKENRIDGE and HANNA, JJ.

LOWENSTEIN, Presiding Judge.

Loren Phelps ("Defendant") appeals the judgment entered upon his conviction following a jury trial of one count of sodomy, § 566.060 RSMo.1994,[1] for which he was sentenced to five years in prison. Defendant was found not guilty on eleven other counts of sodomy. On appeal, the Defendant argues that the trial court erred in (1) improperly instructing the jury as to the range of punishment for the offense alleged; and (2) overruling defense counsel's motion for judgment of acquittal because the jury's verdict was inconsistent and there was insufficient evidence to convict Defendant.

The evidence viewed in the light most favorable to the verdict is as follows. LaDonna Michelle Hammers ("Shelly") lived with her father after her parents divorced in 1985. In the summer of 1991, Shelly and her siblings visited their mother for three weeks. Their mother was married to Defendant.

During the children's three-week visit, Shelly's mother would leave for work early in the morning while it was still dark outside. At the trial in June of 1995, Shelly testified that every morning after her mother went to work and her siblings were outside playing, Defendant would pull her onto the fold-out couch in the living room and take his and her clothes off. Shelly stated that Defendant touched her vagina with his hand, that he would lay on top of her and put his penis in her vagina, that he once tried to put his penis in her mouth and ejaculated on her, and that once he put her hand on his penis. Shelly

testified that Defendant only sodomized her on the days that her mother worked. Because the mother did not work on August 12, the court dismissed Count nine, which alleged sodomy on August 12, 1991.

The state filed an amended information on August 14, 1994. Count I of the amended information charged Defendant with sodomy under § 566.060, stating that on or about July 29, 1991, Defendant had deviate sexual intercourse with LaDonna Michelle Hammers, then less than fourteen years old, and to whom he was not married. On June 2, 1995, Defendant was convicted on Count I of sodomy and acquitted of the other eleven counts. The court followed the jury's recommendation and sentenced Defendant to five years in prison, which was to run consecutively with sentences already being served for unrelated crimes. Defendant filed a pro se Rule 29.15 motion, which was amended by motion counsel. The motion court denied Defendant's motion after an evidentiary hearing and Defendant filed this appeal.

## I. Improper Instruction as to Range of Punishment

In his first point on appeal, Defendant argues that the trial court erred in improperly instructing the jury as to the range of punishment for the offense alleged, his hand to genital contact with Shelly. Because defense counsel did not object to the instruction at trial, nor include it in his motion for new trial, this issue can only be reviewed for plain error. *State v. Tammons*, 522 S.W.2d 648, 651 (Mo.App.1975). Plain error relief is only appropriate when the alleged error so affects the rights of the defendant as to cause a manifest injustice or miscarriage of justice. *State v. Isa*, 850 S.W.2d 876, 884 (Mo. banc 1993); Rule 29.12(b).

Count I of the amended information charged Defendant with sodomy, a class B felony under § 566.060. The verdict-directing instruction given to the jury on Count I required it to find, in pertinent part, that Defendant placed his hand on the vagina of Shelly, and that such conduct constituted

---

1. All statutory references are to RSMo.1994 unless otherwise indicated.

"deviate sexual intercourse" as defined in § 566.010 RSMo. Cum Supp.1993.[2] The instruction advised the jurors that the range of punishment they were to consider was five years to life in prison.

However, in 1994 the legislature made numerous changes to Missouri's sexual offenses, including a change in the definition of "deviate sexual intercourse" under § 566.010. The new definition became effective January 1, 1995, and no longer included the *touching* of the genitals of one person by the hand of another.[3] Under the previous §§ 566.060 and 566.010, touching of the genitals of a person less than fourteen years old, that does not involve serious physical injury or the use of a deadly weapon, constituted sodomy, a class B felony. However, under the new statutes, §§ 566.060—566.068, effective January 1, 1995, touching of the genitals of a person less than fourteen years old, that does not involve serious physical injury, a deadly weapon or instrument, or a ritual, constitutes child molestation rather than sodomy, which ranges from a class A misdemeanor to a class C felony.

Child molestation can be either first or second degree, depending upon the age of the victim. If the victim was twelve or thirteen at the time of the offense, then the offense is child molestation in the second degree which is a class A misdemeanor punishable by up to one year imprisonment. § 566.068 RSMo. Cum.Supp.1997; § 558.011. If the victim was less than twelve years old at the time of the offense, then the offense is child molestation in the first degree which is a class C felony punishable by imprisonment from one to seven years. § 566.067 RSMo. Cum.Supp.1997; § 558.011.

■ Defendant claims that he is entitled to the benefit of lesser punishment, which is available as the result of the amendments, prior to sentencing, of the laws creating the offense with which he was charged. Section 1.160 addresses the effect of an amendment to a criminal statute. It states, in pertinent part, that:

> No offense committed ... or prosecution commenced or pending previous to or at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment, but the trial and punishment of all such offenses ... shall be had, in all respects, as if the provision had not been repealed or amended, except:
> ... (2) That if the ... punishment for any offense is reduced or lessened by any alteration of the law creating the offense prior to original sentencing, the ... punishment shall be assessed according to the amendatory law.

Section 1.160 only authorizes the reduction of the punishment; the offense itself, if committed prior to the amendment of a penal law, is unaffected by the amendment. *State v. Sumlin,* 820 S.W.2d 487, 493 (Mo. banc 1991); *State v. Gillespie,* 944 S.W.2d 268, 271 (Mo.App.1997). Under the present circumstances, § 1.160 requires that Defendant's punishment be assessed according to the new sexual offenses, as they became effective prior to Defendant's original sentencing. State v. Sumlin, 820 at 492.

■ The issue that remains is whether, in applying § 1.160, the defendant is entitled to an entirely new trial or just resentencing under the amendatory law. Although, to this court's knowledge, the Supreme Court of Missouri has yet to address the amended sodomy statutes, the Supreme Court has considered the remedy for an improper instruction as to the range of punishment. In *State v. Cline,* 808 S.W.2d 822 (Mo. banc 1991), the Supreme Court of Missouri held that the trial court plainly erred in instructing the jury as to the appropriate range of punishment, stating that "it is necessary that the jury be properly instructed as to the applicable law." Id. at 826. The court went on to

---

**2.** At the time the offense occurred, § 566.010 RSMo. Cum.Supp.1993, defined "sexual deviate intercourse" as "any sexual act involving the genitals of one person and the mouth, tongue, hand or anus of another person."

**3.** Although the conduct of placing a hand on the genitals of another, as Defendant was charged with in Count I, no longer constitutes "deviate sexual intercourse" under § 566.010, "penetration, however slight, of the male or female sex organ or the anus by a finger" does constitute "deviate sexual intercourse." However, the state did not allege penetration in Count I and, as such, it is not an issue in this appeal.

state that, "Rule 29.04 does not authorize the trial court to amend the punishment declared by a jury where the jury has been misdirected on that issue." Id. at 827. The court held that the proper remedy, when a jury is improperly instructed as to the range of punishment, was a new trial. Id.

The Supreme Court again addressed the issue in *State v. Whardo*, 859 S.W.2d 138 (Mo. banc 1993). In Whardo, the verdict director listed the range of punishment as five to fifteen years, a class B felony. Id. at 140. However, because of the amendatory laws, the range of punishment should have been only one to seven years, a class C felony. Id. The court in Whardo held that, because the defendant was tried *after* the effective date of the new statute, misstating the appropriate range of punishment in the verdict director was plain error warranting a new trial. Id. at 140–141. both § 1.160 and the Supreme Court's decisions in Cline and Whardo, this court is compelled to grant the defendant a new trial.[4]

The Supreme Court made it clear in *State. v. Sumlin*, 820 S.W.2d at 492, that § 1.160 only authorizes a reduction in the sentence, it "does *not* change the offense of conviction." Thus, at a new trial the Defendant would again be tried under the old § 566.060, however the jury would sentence him, if found guilty[5], according to one of the new child molestation statutes, § 566.067 or § 566.068,

depending on the age of the victim at the time of the offense.[6]

## II. Insufficient Evidence to Convict

In his second point on appeal, Defendant argues that there was insufficient evidence to convict him on Count I, and that the jury's verdict acquitting Defendant of all but one count was inconsistent. Because of the dispositive nature of Defendant's first point, this court need not reach a conclusion regarding his second point. Point II denied.

Judgment reversed and remanded for a new trial.

All concur.

---

4. Although both the Supreme Court and the Eastern District Court of Appeals of Missouri have held that resentencing, rather than a new trial, is appropriate in some cases, all of these cases are distinguishable from the present case. In State v. Sumlin, the defendant was a repeat offender and did not get the benefit of jury-assessed punishment. *Whardo*, at 140. In *State v. Price*, 940 S.W.2d 534 (Mo.App.1997), the amendatory law became effective prior to sentencing, as required in § 1.160, but *after* the trial. Thus, the range of punishment in the verdict director was correct at the time of trial. *State v. Paro*, 952 S.W.2d 339, 342 (Mo.App.1997). Finally, *State v. Gillespie*, 944 S.W.2d 268 (Mo.App. 1997) and *State v. Helmig*, 924 S.W.2d 562 (Mo. App.1996), were judge-tried cases, thus the trial court, rather than a jury, assessed the punishment.

5. If found guilty, the defendant's sentence could not exceed his current sentence as is required by *State v. Sumlin*, 820 S.W.2d at 494, footnote 9.

6. In *Whardo*, the Supreme Court suggested that in the new trial the verdict director presented to the jury should be the verdict director applicable to the new amended statute. Whardo, 859 S.W.2d at 141. However, this court does not believe the Supreme Court of Missouri intended Whardo to necessarily be read in this way. Section 1.160 clearly states that, "the trial ... of all such offenses ... shall be had, *in all respects*, as if the provision had not been repealed or amended." (emphasis added). The language of § 1.160, coupled with the Supreme Court's decision in Sumlin, warrants a change in the instructions as to the range of punishment, so that the sentencing portion of the instructions is in accord with the amendatory law. *State v. Sumlin*, 820 S.W.2d at 492–93. This court finds nothing in the statute that suggests replacing the entire verdict director with the verdict director of the new statute.