STATE of Missouri, Respondent,

v.

**John T. PRITCHARD, Appellant.**

No. 80807.

Supreme Court of Missouri,
En Banc.

Jan. 5, 1999.

Gary E. Brotherton, Office of the State Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Kansas City, for Respondent.

MICHAEL A. WOLFF, Judge.

This case involves changes in the state's sodomy and child molestation laws that took effect on January 1, 1995. The offense alleged in this case occurred in August 1994, and defendant John Troy Pritchard was tried and sentenced in 1995. The central issue in this appeal deals with the effect of a change in criminal statutes after an alleged offense has occurred but prior to defendant's trial and sentencing for the offense. Section 1.160 [1] governs: it provides that a defendant is to be tried for the offense as defined by the law that existed at the time of the offense, but the defendant is to be punished in accordance with the new law if the punishment prescribed has been reduced.

Because the trial court did not properly apply section 1.160, we reverse and remand for a new trial on the sodomy charge. As to the other charges on which Pritchard was convicted, we do not find reversible error or abuse of discretion in the challenged actions of the trial court and, accordingly, affirm as to those counts.

### Facts

In late August of 1994, 13–year–old K.G. and her younger brother were spending the last week of their summer vacation at the home of their uncle and aunt, Pritchard and his wife. In the early morning hours of August 26, 1994, K.G. woke to find Pritchard's hand under her underwear, rubbing her vaginal area in circles. According to K.G., Pritchard was not "putting [his] fingers up inside of [her] to where it hurt," but was "kind of putting his finger between [her] private parts." K.G. told him to stop and rolled over on her stomach. Instead of stop-

1. All statutory references are to RSMo 1994, unless otherwise indicated.

ping, Pritchard moved her panty liner out of the way and "kissed her butt." Again, she told him to stop, which he did and left. K.G. got dressed, left the house, walked to her sister's house a few blocks away, and called her parents. When her mother arrived, K.G. told her mother what Pritchard had done; her mother called the police to report the alleged sexual assault.

When Pritchard and his wife discovered that K.G. was gone, they called 911 and reported her missing. Michael George, a St. Joseph police officer, was dispatched to Pritchard's house, and while taking a missing person's report, he was informed by the police dispatcher that K.G. had gone to a relative's house and had "possibly been sexually assaulted." Officer George continued to interview Pritchard and his wife, without advising them of the alleged sexual assault. He told them that K.G. had gone to her sister's house and that there was no problem.

After Officer George left with K.G.'s brother, Pritchard's wife asked her husband whether he had done anything to K.G. to make her leave. Pritchard became angry and walked away. His wife followed him to the bedroom and observed him loading some firearms. He told her, "I'm not going back to jail or prison for nothing I didn't do," and picked up a rifle and said they would have to shoot him to get him out of there. Pritchard armed himself and told his wife to leave.

Pritchard's wife called her brother at work. When her brother arrived at the premises, he went upstairs to the bedroom door and leaned against a television stand. He called out several times, but Pritchard did not respond. Instead, Pritchard fired a shotgun blast through the bedroom door, with one of the shotgun pellets penetrating his brother-in-law's hat and injuring his forehead. The brother-in-law left the house and called the police.

Several police officers arrived, including Officers Scott Vanover and James Hitchcock. These two officers positioned themselves behind a tree some 35 to 40 yards from the house, identified themselves as police officers and attempted to convince Pritchard to surrender. Pritchard, in reply, told them he would kill them if they did not leave.

At about 8:35 a.m., after police failed to get Pritchard to surrender, he broke out the bedroom window and stuck the barrel of a high powered rifle through the opening. He informed the police officers that he would count to three and then shoot. After counting to "two," he muttered something, then counted "three" and with the rifle pointed toward the officers, he fired. The police did not find the bullet but the officers did find a spot where they believed the round hit, which was on the ground just to the left of the tree behind which they had been crouched. Several hours later, after lengthy negotiations by phone, Pritchard surrendered.

## Pritchard's Conviction and Appeal

Pritchard was found guilty, after trial by the jury, of one count of sodomy, section 566.060, RSMo Supp.1993; one count of second degree assault, section 565.060; one count of second degree assault of a law enforcement officer, section 565.082; and two counts of armed criminal action, section 571.015.1. He was sentenced to consecutive terms of imprisonment of fifteen, one, five, three, and five years, respectively. Pritchard filed a motion for post-conviction relief pursuant to Rule 29.15, which was overruled. This appeal is consolidated, and it is before this Court upon transfer, after opinion, from the Court of Appeals, Western District.

Pritchard raises five points on this consolidated appeal. In addition to the sodomy conviction, which we will discuss in full, Pritchard: (1) attacks the trial court's failure to acquit him of the assault of a law enforcement officer; (2) claims abuse of discretion in the trial court's consolidating the sodomy charge and the assault counts; (3) claims error in the trial court's failure to instruct on the lesser-included offense of assault in the third degree though no such instruction was requested; and (4) claims incompetency of trial counsel for failure to investigate Pritchard's claim that a hearing impairment led him to believe that the men outside his home were intruders, not the police, whom he was convicted of assaulting. Our review of these four points finds neither reversible error nor

abuse of discretion. Nor, on this record, would an extensive discussion be indicated. Rule 30.25(b). The convictions for second degree assault, second degree assault of a law enforcement officer, and both counts of armed criminal action are affirmed.

### The Sodomy Charge

As to the sodomy charge, a reversal is mandated, with the case to be remanded for new trial.

Pritchard argues that the trial court erred in entering a judgment of conviction for sodomy and in sentencing him to fifteen years imprisonment because the court deprived him of the benefit of a statutory amendment reducing the punishment for the offense. Pritchard further alleges that the jury was instructed to assess his punishment in accord with the former provisions that carried a range of five years to life imprisonment, and if left uncorrected, this error will result in manifest injustice.

Pritchard was charged with one count of sodomy as follows:

> JOHN "DOC" TROY PRITCHARD, in violation of Section 566.060, RSMo, committed the felony of sodomy, punishable upon conviction under Section 566.060.2, RSMo, by life imprisonment or a term of years not less than five years, in that on or about the 26th day of August, 1994, in the County of Buchanan, State of Missouri, the defendant had deviate sexual intercourse with [K.G.], to whom defendant was not married and was then less than fourteen years old.

Section 566.060.3, RSMo Supp.1993, under which Pritchard was charged provides that "[a] person commits the crime of sodomy if he has deviate sexual intercourse with another person to whom he is not married who is less than fourteen years old." The term "deviate sexual intercourse" was defined as "any sexual act involving the genitals of one person and the mouth, tongue, *hand* or anus of another person." Section. 566.010(1), RSMo Supp.1993. (Emphasis added.)

In 1994, chapter 566 was amended by the Missouri legislature. Effective January 1, 1995, two degrees of statutory sodomy were enacted, sections 566.062 (first degree) and 566.064 (second degree). The relevant section, 566.062.1, provides that "[a] person commits the crime of statutory sodomy in the first degree if he has deviate sexual intercourse with another person who is less than fourteen years old." Furthermore, "deviate sexual intercourse" was redefined as:.

> an act involving the genitals of one person and the mouth, tongue, or anus of another person or a sexual act involving the penetration, however slight, of the male or female organ or the anus by a finger, instrument or object done for the purpose of arousing or gratifying the sexual desire of any person.

Section 566.010(1).

Under the statutes in effect when Pritchard was charged, any hand-to-genital contact, with or without penetration, with a person under 14 years of age would have been punishable as sodomy. However, under the amended section, unless the hand-to-genital contact involves digital penetration of the victim's sex organ with requisite purpose, such conduct would not constitute "deviate sexual intercourse" and would not be punishable as sodomy.

Section 566.068.1, which took effect January 1, 1995, provides that: "[a] person commits the crime of child molestation in the second degree if he subjects another person who is twelve or thirteen years of age to sexual contact." "Sexual contact" means "any touching of another person with the genitals or any touching of the genitals or anus of another person, or the breast of a female person, for the purpose of arousing or gratifying sexual desire of any person." Section 566.010(3). Consequently, under the present statute, if Pritchard could not be charged with statutory sodomy in the first degree, then he could be charged with child molestation in the second degree pursuant to section 566.068 because the victim, K.G., was 13 years old at the time of the alleged offense.[2]

---

**2.** Second-degree sodomy is not involved here, because that crime involves a victim under the age of 17 Section 566.064. Likewise, first-degree child molestation is not applicable because the victim is not under 12 years old. Section 566.067.

Pritchard contends that since the present statute was in effect when he went to trial on May 17, 1995, section 1.160 and this Court's precedents require a new trial in which the jury would be instructed only as to child molestation in the second degree. The state contends that section 1.160(2) does not apply at all in this case because Pritchard's punishment for the offense of sodomy was not "reduced or lessened." Alternatively, the state argues that if section 1.160(2) had some application, it is clear that Pritchard's crime involved hand-to-genital touching with penetration, and the punishment for that offense, although now called "statutory sodomy in the first degree," is still five years to life imprisonment. The state concedes that the verdict-directing instruction for sodomy did not require the jury to find that Pritchard's conduct involved penetration, but it contends that Pritchard did not object to the instruction on that basis at trial, and he is foreclosed from making such an argument for the first time on appeal.

Pritchard is correct in contending that he is entitled to a new trial, but he is mistaken in his assertion that the punishment for his offense is limited to the punishment for second-degree child molestation. The state also errs in contending that the evidence established digital penetration. While the child's statement that Pritchard put "his finger between [her] private parts" may imply penetration, penetration was not an issue in the trial and was not submitted to the jury.

### Judicial and Legislative Precedent

Section 1.160 provides:

No offense committed and no fine, penalty or forfeiture incurred, or prosecution commenced or pending previous to or at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment, but the trial and punishment of all such offenses, and the recovery of the fines, penalties or forfeitures shall be had, in all respects, as if the provision had not been repealed or amended, except:

(1) That all such proceedings shall be conducted according to existing procedural laws; and

(2) That if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense prior to original sentencing, the penalty or punishment shall be assessed according to the amendatory law.

This Court has not applied section 1.160 to the 1994 chapter 566 amendments, but we have applied section 1.160 to prior statutory amendments. *See, State v. Whardo*, 859 S.W.2d 138 (Mo. banc 1993); *State v. Sumlin*, 820 S.W.2d 487 (Mo. banc 1991); and *State v. Cline*, 808 S.W.2d 822 (Mo. banc 1991).

In *Sumlin*, this Court interpreted section 1.160 as authorizing a reduction of sentence if the penalty for the offense is reduced by statutory amendment subsequent to the commission of the offense, but before the conviction becomes final. *Sumlin, supra* at 492. The defendant in *Sumlin* was found guilty of violating section 195.200, RSMo 1986, and was sentenced under section 195.200, RSMo 1986. *Id.* at 488. While the appeal was pending, the legislature repealed and replaced sections 195.020 and 195.200, dealing with possession of controlled substances, with sections 195.202.1, RSMo Supp.1990 and 195.223.2–3, RSMo Supp.1990. While under the 1986 provision, the amount of cocaine possessed was irrelevant, the new provisions created three levels of criminal liability based on the amount of cocaine possessed. *Id.* at 491. The Court held that section 1.160 applies, vacated the defendant's sentence, and remanded the case for a new sentence. *Id.* at 494. The Court ordered that the trial court submit the issue of the amount of cocaine possessed by the defendant to a jury and that the trial court, based on the jury's finding, should re-sentence the defendant because the defendant has been found to be a prior offender, requiring a court sentencing. *Id.*

After *Sumlin* the General Assembly in 1993 amended section 1.160 to specify that it would apply only to statutory alterations that occur prior to the original sentencing. *See, Historical and Statutory Notes*, section 1.160. The legislature left intact this Court's interpretation of the word "offense" in section 1.160 as meaning the conduct of the

defendant.[3] *Id.* Thus, we decline the state's invitation to overrule *Sumlin* on this point since the General Assembly was not inclined to do so in its subsequent amendments to section 1.160.

*Cline* and *Whardo* also apply to this case. In *Cline,* the defendant was charged with possession of methamphetamine pursuant to section 195.202, RSMo 1986. *Cline, supra* at 823. Before trial, this section was amended, reducing the maximum sentence the defendant could receive. *Id.* at 824. The jury was instructed in accordance with the prior law as to the range of punishment. *Id.* This Court found plain error in the jury instruction, which overstated the maximum term of imprisonment, and ordered a new trial. *Id.*

The *Whardo* defendant was convicted by a jury of two separate counts of selling marijuana in violation of section 195.020.1, RSMo 1986. *Whardo,* supra at 138–139. Before trial, the statute under which defendant was charged, section 195.020.1, RSMo 1986, and the applicable sentencing statute, section 195.200, RSMo Supp.1988, were repealed and replaced with sections 195.211 and 195.222.7, RSMo Supp.1992, which created four degrees of criminal liability for the offense of selling marijuana. *Id.* at 139. This Court again held that section 1.160 applies and that it was plain error for the trial court not to instruct the jury as to punishment under the new statute. As a result of the error, the defendant was entitled to a new trial because, unlike the defendant in *Sumlin,* the *Whardo*

defendant was a first time offender entitled to the jury's recommendation of sentence. *Id.* at 141. The defendant, the Court said, is entitled to "a verdict director that not only instructs the jury to determine the amount of marijuana sold but also specifies the corresponding range of punishment." *Id.*

### Application of Section 1.160— New Trial

Section 1.160 applies in this case, and requires a new trial under *Cline, Sumlin* and *Whardo, supra.* The amendatory law was in place before trial. The trial court instructed the jury on the old law both with regard to finding of guilt and the applicable sentence. The legislature in the amendatory law distinguished between sodomy and child molestation. The element of "penetration" separates the crimes. Sodomy requires digital penetration while child molestation requires only "sexual contact" touching for the purpose of arousing or gratifying sexual desire.[4] With the old law, this distinction was irrelevant. Neither of the parties raised the issue at trial.

Whenever the legislature revises criminal statutes, there may be some awkwardness in applying the new punishment provisions to offenses that have already occurred but sentencing has not.[5] Nevertheless, in the new trial in this case, the approved instructions should be modified as to sentencing in order to comply with section 1.160, *Cline, Sumlin* and *Whardo.* The jury should be instructed on the elements of the offense as they existed

---

**3.** In *Sumlin,* this Court in interpreting the term "offense" relied in part on two United States Supreme Court's decisions on double jeopardy, *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990) and *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). *Grady* was overruled by the U.S. Supreme Court in *United States v. Dixon, et al.,* 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). While this might affect what constitutes "same offense" in double jeopardy situations, it does not necessarily affect this Court's interpretation of the term "offense" as applied to section 1.160. This Court in its interpretation relied on both *Grady* and *Blockburger,* and the U.S. Supreme Court, in overruling the *Grady* test, affirmed the *Blockburger* test. *Id.* at 703–711, 113 S.Ct. 2849. Furthermore, in *Sumlin,* this Court was not attempting to define "offense" in order to apply it to a double jeopardy situation. It only resorted to these cases because the legislature

did not define or clarify the term "offense" as used in section 1.160.

**4.** The statutory qualification that the "touching" be for the "purpose of gratifying or arousing sexual desire" does not add an additional element to the criminal conduct. The qualification was carried over from the earlier definition of "sexual contact" in section 566.010(3), RSMo Supp.1993, and distinguishes forbidden sexual contact from touching of such areas that, for example, may be accidental or done in the course of a medical examination.

**5.** Of course, the General Assembly may simply declare that 1.160 does not apply to a revision. *See State v. Leisure,* 796 S.W.2d 875, 881 (Mo. banc 1990); *Onken v. State,* 803 S.W.2d 139, 143 (Mo.App.1991); *Mannon v. State,* 788 S.W.2d 315, 323 (Mo.App.1990).

on the date of the defendant's alleged conduct, as was done in Pritchard's original trial. As to the range of punishment, the change in law will require a modification of the punishment portion of the verdict director with additional fact findings therein in order to accommodate section 1.160 and our precedents. The jury should be instructed that if it finds that there was penetration of the victim's sex organs by Pritchard's fingers with the requisite purpose, the jury may set his punishment from five years to life imprisonment under section 566.062.2. If the jury does not find that the state has proved digital penetration with the requisite purpose, beyond a reasonable doubt, then the jury should be instructed that it may recommend punishment up to one year in the county jail, pursuant to section 566.068, if the state proves sexual contact, that is, touching "for the purpose of arousing or gratifying sexual desire...."

We reject the state's argument that section 1.160 is inapplicable because the punishment for sodomy was not lessened in the new law. If the state proves that Pritchard's act was a sexual contact touching, but does not prove digital penetration, the punishment under the new law is a maximum of one year in the county jail, a significant reduction from the maximum of life imprisonment for the same conduct under the old law.

We reverse and remand for a new trial on the sodomy charge, in accordance with this opinion. We affirm Pritchard's other convictions for second degree assault, second-degree assault of a law enforcement officer, and both counts of armed criminal action.

All concur.