**STATE of Missouri, Plaintiff/Respondent,**

v.

**Michael MYERS, Defendant/Appellant.**

**Michael Myers, Movant,**

v.

**State of Missouri, Respondent.**

**Nos. 69471, 73966.**

Missouri Court of Appeals,
Eastern District,
Division One.

March 9, 1999.

---

Douglas R. Hoff, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Linda Lemke, Asst. Atty. Gen., Jefferson City, for respondent.

JAMES A. PUDLOWSKI, Presiding Judge.

Michael Myers (Defendant) was charged by information with four counts of rape, two counts of sexual assault in the first degree, one count of sexual assault in the second degree, and two counts of sodomy. In August of 1995, Defendant was tried before a jury in the Franklin County Circuit Court. The jury found Defendant guilty on all counts and assessed punishment at fifteen years on each rape charge, seven years on each sexual assault in the first degree charge, five years on the sexual assault in the second degree charge, and fifteen years on each sodomy charge. At the sentencing hearing, the judge assessed punishment in accordance with the jury, the sentences to run consecutively.

Defendant filed a Rule 29.15 motion on May 1, 1996. There was an evidentiary hearing on January 10, 1997, and four days later the motion court denied the motion. In this consolidated appeal, Defendant appeals his conviction and the denial of his postconviction motion. We reverse one sodomy charge and remand for further proceedings in accordance with this opinion. We affirm all other counts and the denial of the postconviction motion.

We view the evidence and all reasonable inferences in a light most favorable to the verdict and limit review to determining whether there is sufficient evidence from which a reasonable juror might find a defendant guilty beyond a reasonable doubt. *State v. Grim*, 854 S.W.2d 403, 405 (Mo. banc 1993).

M.D. was born in June of 1972. M.D.'s sister Elizabeth (Mrs. Myers) was married to Defendant. In 1983, M.D. began babysitting for the Myers. In September of 1983, M.D. was babysitting when Defendant took her into the bedroom, removed her pants and began touching her. Defendant got on top of M.D. and she jumped up after feeling a sharp pain in her vagina. She ran to the corner of the room, entered the bathroom and noticed blood coming from her vagina. M.D. did not tell anyone because Defendant told her no one would believe her and Mrs. Myers would never want to see her again. M.D. continued to baby-sit for the Myers, and Defendant had intercourse with her almost every Friday night from 1983 until 1987. Mrs. Myers was unaware of the incidents.

M.D. refused Defendant's demand for intercourse in 1988. Defendant told M.D. she was no longer welcome and refused to let her see Mrs. Myers. In 1993, M.D. reported the incidents to Mrs. Myers.

M.D.'s niece, C.D., was born in August of 1975. C.D. often spent the night at the Myers's home. When C.D. was six or seven years old, Defendant washed her genital area. While at her grandmother's house in 1985, C.D and M.D. were led to an upstairs closet by Defendant. Defendant touched their genitals.

When C.D. was almost eleven in June of 1986, Defendant or Mrs. Myers invited C.D to spend the night. During the evening, Defendant took C.D. into the bedroom and had intercourse with her. Defendant bathed C.D. and told her not to tell anyone.

In 1987, C.D. visited the Myers's home. Defendant took her into the bedroom and they both got on the bed without clothes on. Defendant put his finger into C.D.'s vagina and had intercourse with her.

■ In his first point relied on, Defendant contends the trial court plainly erred when it instructed the jury on Count VI, Sodomy, in that it misstated the range of punishment because a statutory amendment prior to his trial reduced the punishment for the offense. Counsel must make specific objections to instructions or verdict forms before the jury retires in order to preserve them for appeal; the objections must also be raised in the motion for new trial. Rule 28.03. Defendant's trial counsel failed to object timely to the instruction and, therefore, we review for plain error only. Rule 30.20.

■ The issue is the effect of the change in the definition of "deviate sexual intercourse" after the offense occurred but prior to Defendant's trial and sentencing. Under

Section 1.160 RSMo (1994),[1] a defendant is to be tried for the offense as defined by the law that existed at the time of the offense, but is to be punished in accordance with the amended law if the punishment prescribed has been reduced prior to the original sentencing. *State of Missouri v. John T. Pritchard*, 982 S.W.2d 273–274, 276 (Mo. banc 1999).

■ The jury was instructed that if they found Defendant was not married to C.D. and had "deviate sexual intercourse," in violation of Section 566.060 RSMo (Supp.1993), by touching C.D.'s genital area in 1985, punishment for sodomy was to be fixed at a term of imprisonment not less than five years and not to exceed fifteen years. Deviate sexual intercourse was defined as "any act involving the genitals of one person and the mouth, tongue, hand or anus of another person." Section 566.010(1) RSMo (Supp.1993).

In 1994, Chapter 566 was amended, and two degrees of statutory sodomy were enacted, effective January 1, 1995. Pursuant to this amendment, one commits the crime of statutory sodomy in the first degree "if he has deviate sexual intercourse with another person who is less than fourteen years old." Section 566.062. A person commits the crime of statutory sodomy in the second degree if "being twenty-one years of age or older, he has deviate sexual intercourse with another person who is less than seventeen years of age." Section 566.064. In addition, "deviate sexual intercourse" was redefined as:

> any act involving the genitals of one person and the mouth, tongue, or anus of another person or a sexual act involving the penetration, however slight, of the male or female sex organ or the anus by a finger, instrument or object done for the purpose of arousing or gratifying the sexual desire of any person.
> Section 566.010(1).

When Defendant was charged, any hand-to-genital contact with C.D. would have been punishable as sodomy. Nevertheless, under the amended statute effective at the time of Defendant's trial and sentencing, said con-

duct would not constitute "deviate sexual intercourse" punishable as sodomy unless there was digital penetration of C.D.'s sex organ. *Pritchard* at 275. There was no evidence of digital penetration.

Defendant alleges the evidence at trial could only support a charge of Child molestation, first degree. Section 566.067. Section 566.067, effective January 1, 1995, provides that a person commits this crime if "he subjects another person who is less than twelve years of age to sexual contact." Under Section 566.010(3), "sexual contact" means "any touching of another person with the genitals or any touching of the genitals or anus of another person, or the breast of a female person, for the purpose of arousing or gratifying sexual desire of any person."

The application of Section 1.160 to similar facts in *Pritchard* mandates that we remand for a new trial on Count VI. In this case and *Pritchard*, the amended law was in place before trial. *Pritchard*, at 277. The trial court instructed the jury on the old law as to the finding of guilt as well as the applicable sentence. *Id.* The amended statutes effective January 1, 1995, separated the crimes of sodomy and child molestation by the element of "penetration." *Id.* The amended sodomy statute requires digital penetration whereas child molestation requires any touching with the genitals of another person for the purpose of arousing or gratifying sexual desire.

In the new trial on Count VI, the sentencing instruction should be modified to comply with Section 1.160. As was done at trial, the jury should be instructed on the elements of the offense as they existed at the time of the alleged act. However, the change in law requires a modification of the range of punishment. The jury should be instructed that if the state proves beyond a reasonable doubt that Defendant touched C.D.'s genitals for the purpose of arousing or gratifying sexual desire, it might recommend punishment pursuant to Section 566.067. We reverse Count VI and remand for further proceedings in accordance with this opinion.

■ In his second point, Defendant argues the trial court abused its discretion in refus-

---

1. All statutory references are to RSMo (1994) unless otherwise indicated.

ing to allow him to conduct individual voir dire of certain venire panel members after the panel was excused. The trial court has broad discretion during voir dire and its ruling should not be disturbed absent a clear abuse of discretion. *State v. Holland*, 653 S.W.2d 670, 678 (Mo. banc 1983).

■ During voir dire, the state asked the panel whether "they, their family, or a close friend has ever been the victim of sexual abuse." Ten members of the panel responded affirmatively. The panel was then asked whether they, a family member, or a close friend had ever been accused or charged with sexual abuse. Three panel members responded affirmatively. The trial court decided to take a break to provide panel members the opportunity to stay and discuss any emotional disturbances. Four panel members stayed and were excused by the trial court after individually discussing their sexual abuse experiences.

When general voir dire resumed, the only sexual abuse question Defendant's trial counsel asked the panel was whether anyone had friends who were victims of alleged sexual abuse. After the panel was excused, the state made its challenges for cause. After beginning its challenges for cause, Defendant's trial counsel requested individual inquiry of panel members who previously stated they, a family member, or close friend had been a sexual abuse victim. The trial court denied individual inquiry finding the panel members in question stated they could be fair and impartial, and Defendant's trial counsel had the opportunity to pose further questions during voir dire.

Two panel members who stated they, a family member, or close friend were sexually abused served on the jury. Both jurors stated they could be fair and impartial. The trial court did not clearly abuse its discretion in denying individual voir dire. Point denied.

■ For his third point on appeal, Defendant alleges the motion court erred in denying his motion for postconviction relief because trial counsel was ineffective in failing

to object to evidence of uncharged bad acts and crimes. Appellate review of the motion court's action is limited to determining whether the findings and conclusions are clearly erroneous. Rule 29.15(k); *State v. Driver*, 912 S.W.2d 52, 54 (Mo. banc 1995). The motion court's ruling will be found clearly erroneous only if, after review of the entire record, we are left with a definite and firm impression that a mistake has been made. *Watt v. State*, 835 S.W.2d 404, 406 (Mo.App. E.D.1992).

To prevail on a claim of ineffective assistance of counsel, Defendant must establish that counsel failed to exercise the customary skill and diligence that reasonably competent counsel would provide under similar circumstances, and Defendant was thereby prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). To prove prejudice, a defendant must show a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *State v. Clay*, 975 S.W.2d 121, 135 (Mo. banc 1998), quoting *State v. Shurn*, 866 S.W.2d 447, 468 (Mo. banc 1993). Defendant must overcome a strong presumption that counsel's trial strategy was sound. *Id.* The movant must prove trial counsel's failure to object was not strategic and was prejudicial. *State v. Tokar*, 918 S.W.2d 753, 768 (Mo. banc 1996).

Defendant contends there were three instances where trial counsel denied him the effective assistance of counsel by failing to object to evidence of uncharged sexual misconduct. Defendant's allegation refers to: testimony about uncharged sexual intercourse with M.D. in 1983; testimony that Defendant had an improper relationship with R.C. when she was eleven years old; and a reference to Defendant's molestation of N.D.[2]

■■ Defendant relies on *State v. Burns*, 978 S.W.2d 759 (Mo. banc 1998), to argue trial counsel was ineffective for failing to object to the evidence of the first rape of M.D. and the relationship with R.C. Performance of trial counsel is evaluated by reference to the law existing at the time of the

---

**2.** Defendant was not charged for any incidents involving R.C. or N.D. R.C. testified that when she was eleven years old in 1977, Defendant

touched her thighs and kissed her. Defendant's trial counsel objected to Mrs. Myers' testimony about an incident that involved N.D., her niece.

trial; failure to predict a change in the law is not ineffective assistance. *State v. Cottrell,* 910 S.W.2d 814, 817 (Mo.App. E.D.1995). Evidence of both uncharged incidents was admitted pursuant to Section 566.025, which was in effect at the time of Defendant's trial. Section 566.025 provided:

> In prosecutions under chapter 566 or 568 involving a victim under fourteen years of age...evidence that the defendant has committed other charged or uncharged crimes involving victims under fourteen years of age shall be admissible for the purpose of showing the propensity of the defendant to commit the crime...provided that such evidence involves acts that occurred within ten years before or after the act or acts for which the defendant is being tried.

Defendant argues that trial counsel was ineffective because Section 566.025 was overturned in *Burns. Id.* at 760. However, Defendant's trial ended more than three years before *Burns* was decided, and therefore, the motion court did not clearly err in denying postconviction relief. The failure to object was not ineffective assistance of counsel because the testimony showed the propensity of Defendant to commit sex offenses.

Defendant also claims trial counsel was ineffective for failing to object to testimony about N.D. Review of the transcript reveals that trial counsel clearly objected to the testimony about N.D., but the trial court overruled the objection based on Section 566.025. Point Denied.

■ In his fourth point on appeal, Defendant maintains the motion court clearly erred in denying his motion for postconviction relief because trial counsel was ineffective in failing to move to dismiss Count I as barred by the statute of limitations. In Count I, filed by information on July 25, 1994, the prosecution charged Defendant with the rape of M.D. in 1984. The applicable limitation period is ten years. Section 556.037. The motion court found the statute had not run because M.D. testified "that the incidents occurred almost every Friday night that she went to Movant's house, including 1984."

The evidence showed that Defendant had intercourse with M.D. almost every Friday night in 1984. The statute of limitations bars incidents that occurred before July 25, 1984, but not those occurring after said date. Trial counsel did not err in failing to move to dismiss Count I as barred by the statute of limitations. The motion court did not clearly err in denying the postconviction relief. Point Denied.

We reverse Count VI, sodomy judgment and remand for proceedings in accordance with this opinion. All other judgments and the denial of the postconviction motion are affirmed.

WILLIAM H. CRANDALL, JR., Judge, and CLIFFORD H. AHRENS, Judge, Concur.