**STATE of Missouri,
Plaintiff/Respondent,**

v.

**John SHOCKLEY, Sr.,
Defendant/Appellant.**

No. ED 102867

Missouri Court of Appeals,
Eastern District,
DIVISION TWO

Filed: February 28, 2017

Nathan J. Aquino, Jefferson City, MO, for Plaintiff/Respondent.

Matthew W. Huckeby, Chad M. Oliver, St. Louis, MO, for Defendant/Appellant.

SHERRI B. SULLIVAN, P.J.

## Introduction

John Shockley, Sr. (Appellant) appeals from the trial court's judgment convicting him of the class C felony of stealing a motor vehicle and sentencing him to three years as a persistent offender. We reverse and remand.

## Factual and Procedural Background

William Liebermann (Liebermann) owns a 1991 Honda Civic in "great condition" with no mechanical problems. Liebermann arrived at his parking lot where he kept his Civic parked and noticed it was missing. A nearby surveillance camera system revealed the Civic had been taken the day before, on April 21, 2014. The video revealed a truck that had "I buy junk cars" language written on it entering the parking lot at 8:50 a.m., then leaving. At 3:50 p.m., a different truck pulled into the parking lot. Appellant and another man stepped out of the truck and walked around the Civic. The two pushed the Civic out of the parking lot, and then Appellant got back into the truck and the other man stepped inside the Civic. The Civic then went out of view of the surveillance camera.

Police later arrested Appellant. Appellant made a statement to police and testified at trial that he buys and sells junk cars; he received a call from an individual seeking to sell the Civic for $150 because it was broken down. Appellant paid the individual only $75 because he provided no title. Appellant then sold the Civic to an individual in Troy for $200.

The State charged Appellant with felony stealing a motor vehicle on April 21, 2014, under Section 570.030.[1] Appellant opted for a bench trial, and after being found to be a persistent offender, was tried and found guilty as charged. The court sentenced Appellant to three years. This appeal follows.

## Point on Appeal

In his point on appeal, Appellant claims the trial court erred in entering judgment for the class C felony of stealing a motor vehicle and in sentencing him to three years' imprisonment for that offense because the sentencing enhancement factors contained in Section 570.030.3 apply only to "any offense in which the value of property or services is an element," and value is not an element of stealing a motor vehicle.

## Standard of Review

■■■ Appellant made no objection at his judgment and sentencing. An unpreserved claim of error can be reviewed only for plain error, which requires a finding of manifest injustice or a miscarriage of justice resulting from the trial court's error. State v. Celis–Garcia, 344 S.W.3d 150, 154 (Mo.banc 2011). Plain error relief is appropriate when the alleged error so affects the rights of the defendant as to cause a manifest injustice or miscarriage of justice. State v. Phelps, 965 S.W.2d 357, 358 (Mo. App. W.D. 1998). An unauthorized sentence affects substantial rights and results in manifest injustice. Drennen v. State, 906 S.W.2d 880, 882 (Mo.App. E.D. 1995).

## Discussion

Section 570.030, titled Stealing—Penalties, provides in pertinent part:

---

1. All statutory references are to RSMo 2000.

1. A person commits the crime of stealing if he or she appropriates property or services of another with the purpose to deprive him or her thereof, either without his or her consent or by means of deceit or coercion.

. . .

3. Notwithstanding any other provision of law, any offense in which the value of property or services is an element is a class C felony if:

**2.** Section 570.030 in its entirety provides:
1. A person commits the crime of stealing if he or she appropriates property or services of another with the purpose to deprive him or her thereof, either without his or her consent or by means of deceit or coercion.
2. Evidence of the following is admissible in any criminal prosecution pursuant to this section on the issue of the requisite knowledge or belief of the alleged stealer:
(1) That he or she failed or refused to pay for property or services of a hotel, restaurant, inn or boardinghouse;
(2) That he or she gave in payment for property or services of a hotel, restaurant, inn or boardinghouse a check or negotiable paper on which payment was refused;
(3) That he or she left the hotel, restaurant, inn or boardinghouse with the intent to not pay for property or services;
(4) That he or she surreptitiously removed or attempted to remove his or her baggage from a hotel, inn or boardinghouse;
(5) That he or she, with intent to cheat or defraud a retailer, possesses, uses, utters, transfers, makes, alters, counterfeits, or reproduces a retail sales receipt, price tag, or universal price code label, or possesses with intent to cheat or defraud, the device that manufactures fraudulent receipts or universal price code labels. 3. Notwithstanding any other provision of law, any offense in which the value of property or services is an element is a class C felony if:
(1) The value of the property or services appropriated is five hundred dollars or more but less than twenty-five thousand dollars; or
(2) The actor physically takes the property appropriated from the person of the victim; or
(3) The property appropriated consists of:
(a) Any motor vehicle, watercraft or aircraft; or

(1) The value of the property or services appropriated is five hundred dollars or more but less than twenty-five thousand dollars; or

. . .

(3) The property appropriated consists of:
(a) Any motor vehicle, watercraft or aircraft; or

. . .

(d) Any firearms.[2]

(b) Any will or unrecorded deed affecting real property; or
(c) Any credit card or letter of credit; or
(d) Any firearms; or
(e) Any explosive weapon as defined in section 571.010; or
(f) A United States national flag designed, intended and used for display on buildings or stationary flagstaffs in the open; or
(g) Any original copy of an act, bill or resolution, introduced or acted upon by the legislature of the state of Missouri; or
(h) Any pleading, notice, judgment or any other record or entry of any court of this state, any other state or of the United States; or
(i) Any book of registration or list of voters required by chapter 115; or
(j) Any animal considered livestock as that term is defined in section 144.010; or
(k) Live fish raised for commercial sale with a value of seventy-five dollars; or
(*l*) Captive wildlife held under permit issued by the conservation commission; or
(m) Any controlled substance as defined by section 195.010; or
(n) Anhydrous ammonia;
(o) Ammonium nitrate; or
(p) Any document of historical significance which has fair market value of five hundred dollars or more.
4. Notwithstanding any other provision of law, stealing of any animal considered livestock, as that term is defined in section 144.010, is a class B felony if the value of the livestock exceeds ten thousand dollars.
5. If an actor appropriates any material with a value less than five hundred dollars in violation of this section with the intent to use such material to manufacture, compound, produce, prepare, test or analyze amphetamine or methamphetamine or any of their analogues,

For purposes of this appeal, the relevant language of Section 570.030.3 is the class C felony sentence enhancing qualifier, "any offense *in which the value of property or services is an element* [emphasis added]," preceding and qualifying a long list of different properties listed (a) through (p). As set forth above, (a) includes a motor vehicle, which is pertinent in our case. Subsection (d) lists firearms, the relevance of which becomes apparent shortly.

■ The property Appellant stole was a motor vehicle, but although Section 570.030.3(1) expressly includes value as an element of the crime for stealing property or services valued at $500 or more but less than $25,000, Section 570.030.3(3)(a) does not include the value of the motor vehicle as an element of the crime. As such, the statute may not be used to enhance Appellant's motor-vehicle stealing conviction to a class C felony. The same result occurred in State v. Bazell, 497 S.W.3d 263 (Mo.banc 2016), although the stealing offense in that case involved firearms.

In Bazell, Mr. Bazell was charged with, among other things, class C felony stealing for stealing firearms. Bazell, 497 S.W.3d at 265. The Bazell Court stated that "the felony enhancement provision [in Section 570.030.3] . . . only applies if the offense is one in which the value of the property or services is an element." Id. at 266. Because Mr. Bazell's firearms stealing conviction under Section 570.030.3(3)(d) did not include the value of the firearms as an element of the crime, the Court reversed the firearms conviction. Id. at 267. Likewise, in the instant case, Appellant's motor-vehicle stealing conviction under Section 570.030.3(3)(a) did not include the value of the motor vehicle as an element of the crime. Based on Bazell, Appellant's point on appeal is well-taken, which the State concedes. The point is granted.

### Conclusion

Appellant's class C felony stealing a motor vehicle conviction is reversed and remanded for entry of misdemeanor stealing and for resentencing.

Roy L. Richter, J., and Colleen Dolan, J., concur.

---

then such violation is a class C felony. The theft of any amount of anhydrous ammonia or liquid nitrogen, or any attempt to steal any amount of anhydrous ammonia or liquid nitrogen, is a class B felony. The theft of any amount of anhydrous ammonia by appropriation of a tank truck, tank trailer, rail tank car, bulk storage tank, field (nurse) tank or field applicator is a class A felony.
6. If the actor appropriates or attempts to appropriate property that is owned by or in the custody of a financial institution and the property is taken or attempted to be taken physically from an individual person to deprive the owner or custodian of the property, the theft is a class B felony.
7. The theft of any item of property or services pursuant to subsection 3 of this section which exceeds five hundred dollars may be considered a separate felony and may be charged in separate counts.

8. Any person with a prior conviction of paragraph (j) or (*l*) of subdivision (3) of subsection 3 of this section and who violates the provisions of paragraph (j) or (*l*) of subdivision (3) of subsection 3 of this section when the value of the animal or animals stolen exceeds three thousand dollars is guilty of a class B felony. Notwithstanding any provision of law to the contrary, such person shall serve a minimum prison term of not less than eighty percent of his or her sentence before he or she is eligible for probation, parole, conditional release, or other early release by the department of corrections.
9. Any offense in which the value of property or services is an element is a class B felony if the value of the property or services equals or exceeds twenty-five thousand dollars.
10. Any violation of this section for which no other penalty is specified in this section is a class A misdemeanor.